Judge Ryland
delivered the opinion of the court.
This was a proceeding commenced originally in the Marion 'county court, taken thence by appeal to the Marion circuit court, and now Brought before this court by writ of error.
From the record it appears that on the 23rd day of April, 1847, the plaintiff, James V. Milan, as administrator of the estate of Anthony Crockett, deceased, caused a notice in writing to be served, on the defendant, Richard Pemberton, as the executor of Jane Wilcox, deceased, informing him that on the -first Monday, being the third day of May next, he, as administrator as aforesaid, would make application to the county •court of said county for an allowance against the estate of Jane Wilcox, deceased, on a note of which the following is a copy, (viz:) “Twelve months after date we or either of us promise to pay Col. Anthony *600 Crockett, or order, two hundred dollars for value received. Witness our hands and seal, this 3rd day of October, 1833.
JANE WILCOX,
October, 1833s
Witness : A. Crockett.”
At the July term of said county court in 1847, judgment was rendered on this application for allowance in favor of the defendant. The plaintiff appealed therefrom, and the proceedings were duly certified to-the circuit court, and at March term, „ 1848, judgment in that court was again rendered in favor of defendant.
From the evidence preserved in the bill of exceptions, it appears that Jane Wilcox being anxious to obtain the sum of $200, prepared the note of which the above is a copy, and applied to Col. Anthony Crockett for the loan of that sum. Col. Anthony Crockett did not lend the money to her, but William R. Crockett did, and took the note, which she had thus prepared as above, from her, from the payment, without any alteration ; that is, took the note payable to Col. Anthony Crockett, instead of to himself, being the note first prepared.
Thus the matter remained for several years. In 1838 Coi. Anthony Crockett died. Jane Wilcox died in the early part of the year 1843. Letters testamentary were granted on her estate, dated 20th March, 1843, and notice calling upon the creditors to exhibit their demands for allowance against her estate, was duly published in pursuance of the statute in such case provided, dated March 30th, 1843,-and appeared on that day in the Missouri Courier, a public newspaper.
This application for allowance was made at the May term, 1847, of Marion county court, and notice thereof was served on the 23d day of April, 1847, after a lapse of more than four years$ from the date of the letters testamentary, and from the publication of the notice to creditors. On the trial in the circuit court, the plaintiff in order to show that his claim was not barred by the statute, which requires claims and demands tobe exhibited within three years, proved “that on the 7th day of July, 1845, the note now sued on, was presented to the county court for allowance ; that it was so presented at the instance of William R. Crockett; that Richard Pemberton, adm’r. of Jane Wilcox, the defendant, appeared therein before said court and waived notice, and several witnesses were •examined to prove the signature of the said Wilcox, but not being able to prove the signature, the attorney, John D. S. Dryden suffered a non-suit, and withdrew the claim ; that no trace of said proceeding before the county court appears of record.”
*601 The defendant objected to all the evidence touching the presentation of said claim to the county court; but the court overruled the objection and heard the evidence, and the defendant excepted to this opinion of the court. The plaintiff showed his letters of administration granted on the estate of Col. Anthony Crockett, deceased, dated 23rd day of November, 1846, eight years after the death of said Crockett.
The plaintiff moved the court to decide, that if it appeared from the evidence in the cause that the note sued on was presented for allowance to the county Court in July, 1845, and that Pemberton, as administrator of Wilcox, appeared there, and waived notice of the demand : and the claim was subsequently withdrawn; that this constituted a legal exhibition of the demand. That the limitation of three years did not commence running till the date oí the letters of administration on Anthony Crockett’s estate ; and that an administrator is not barred by the statute of limitsrtions. All of which the court overruled : the plaintiff excepted. The court found a verdict for defendant. The plaintiff moved to set aside the verdict and grant him a new trial, which the court overruled ; and now plaintiff seeks to reverse this judgment of the circuit court.
In our statutes concerning executors and administrators, article 4th, sections 5, 6, 12, 13 and 14, we shall find what the law contemplates as an exhibition of a demand. Section 5th is in these words: “Every person may exhibit his demand against such estate by serving upon the executor or administrator a notice in writing, stating the nature and amount •of his claim, with a copy of the instrument of writing or account upon which the claim is founded, and such claim shall be considered legally -exhibited from the time of serving such notice.”
Section 6. “Every executor and administrator shall keep a list of all demands thus exhibited, classing them, and make returns thereof to the •county court every year, at the term at which he is to make settlement.”
Section 12. “Every person desiring to establish a demand against any •estate, shall deliver to the executor or administrator a written notice, containing a copy of the instrument of writing or account on which it is founded, and stating that he will present the same for allowance at the next term of the county court.”
Section 13. “Such notice shall be served on the executor or administrator ten days before the beginning of such term of the court, and may be served by any sheriff or constable, or by any competent witness, who shall make affidavit to such service.”
*602 Section 14. “The executor or administrator may appear in open court and waive the service of any such notice.”
From the testimony in this case, it is apparent that the plaintiff relied upon what was done by him under this last cited clause of the statute. He proved before the court, that he had offered this claim for allowance in the county court at July term, 1845, and that the defendant waived the notice in open court. That the claim was not sufficiently proved and was withdrawn. There was an objection to this proof by parol; there was no trace of any such proceeding on the record of the county-court. The testimony was offered before the court, and as there was no jury, it was right and proper for the court to hear the testimony first before it could determine upon its legality. The effect of this testimony, its admisibility, its competency were brought before the court by the plaintiff’s instruction. • We have no doubt that such evidence was improper ; it was entirely inadmisible. No case has been found, where a party has been permitted to prove before one court of record what he did, what proceedings were had and done before another court of record in a judicial investigation by mere parol testimony. The acts, doings, judgments and proceeding of courts of record are known by the records of these courts. Such proceedings may often be amended; may be altered to suit the true state of facts; but there is always something to alter or amend by. Here there is an attempt not to alter or amend, but to make out a new subject matter altogether, and that too by the testimony of witnesses. It is admitted that there is no trace of any such proceeding as the one here proved by witnesses upon the records of the county court.
There is no proof of the waiving of notice but by parol. Why does the statute permit this waiver of notice only to be done in open court? Because it then is put on record among the proceedings of the court in adjudicating upon the claim. Had this waiver of notice been made in open court, and put on the records of the court, or on the back of the note, or on any part of the demand or claim, we should feel inclined to receive it as evidence of such an exhibiting of the claim as might warrant the court in taking it out of the statute of limitations.
I feel satisfied that there was no evidence (that is legal evidence) of any such exhibtion of this claim, as is required bylaw, before the county court of Marion in July, 1845; and consequently the circuit court committed no error in refusing the instructions first asked for by the plaintiff’.
*603 I see no reason why the statute of limitations should not run against an executor or administrator.
But in this case William R. Crockett might have presented this claim against the estate of Mrs. Wilcox at any time he might have thought proper. He was the bona fide holder of the note, and the real owner. He loaned the money to Jane Wilcox, and he might have used the name of Anthony Crockett any time before his death in order to collect this money; and from the parol evidence which was offered, we see that in 1845, after his death, and before administration, was presented the note in the county court.
He waited and delayed too long. The- circuit court committed no error in finding for the defendant, no error int. overruling the motion for a new trial, and the judgment is affirmed.