WILBURN'S ADMINISTRATOR, Respondent, *vs.* HALL, Appellant.

1. When a judgment of a circuit court has been affirmed by the supreme court with damages, the clerk of the circuit court may issue execution upon such affirmed judgment; nor is it necessary that an order of the circuit court should first be obtained.

#### *Appeal from Jackson Circuit Court.*

*Hicks,* for appellant.   1. No execution can issue upon an affirmed judgment until an order of the Circuit Court is first obtained.   The damages awarded by the Supreme Court do not become incorporated with and make a part of the original judgment.   2. The judgment in this case was special, for the foreclosure of a mortgage.   The mortgaged premises were adjudged to be sold, and the execution makes the damages a *lien* from the time when the mortgage was given, in 1845; whereas, they could be no lien until a transcript of the judg-

ment awarding them was filed in the office of the clerk of the Circuit Court. 3. The defendant's right to elect what property shall be first sold is taken away from him, as to the amount of damages, and that amount is ordered to be levied on specific land, and perhaps to the detriment of other creditors who have obtained prior liens.

*S. L. Leonard,* for respondent. 1. The judgment of the Supreme Court, affirming the judgment of the Circuit Court, removed the *supersedeas* created by the appeal, and left the judgment of the Circuit Court in full force. 12 Mo. Rep. 603. 2. The transcript of the judgment of the Supreme Court, when filed in the office of the clerk of the Circuit Court, constituted a part of the record of the cause, and the judgment of the Circuit Court became modified by that of the Supreme Court.

RYLAND, Judge, delivered the opinion of the court.

This was a motion in the court below to quash an execution. The Circuit Court overruled the motion, and the defendant excepted, and brings the case here by appeal. The record shows that the plaintiff, Solomon L. Leonard, as administrator *de bonis non* of the estate of Edward Wilburn, sr., deceased, recovered against the defendant, Jacob Hall, a judgment, at the March term of the Jackson Circuit Court, in the year 1852, for the sum of eighteen hundred and sixty-three dollars and sixty-four cents, principal and interest, together with costs of suit. The debt being secured by mortgage, judgment of foreclosure was also had, and an execution against the mortgaged premises ordered. The defendant, Hall, appealed to the Supreme Court, and by the Supreme Court the judgment of the Circuit Court was affirmed, with ten per cent. damages on the amount. The judgment of the Supreme Court, affirming the judgment below, with ten per cent. damages, was certified by the clerk of this court, to the clerk of the Circuit Court, and thereupon, the clerk of the Circuit Court issued execu-

tion upon the judgment, which had been affirmed, for the amount of the original judgment, and the ten per cent. damages allowed on the affirmance. The defendant, Hall, moved the Circuit Court to quash this execution. The execution and motion are as follows :

" The State of Missouri,

"To the sheriff of Jackson county—Greeting :

" Whereas, Solomon L. Leonard, administrator *de bonis non* of the estate of Edward Wilburn, sr., deceased, on the 16th day of March, in the year of our Lord, one thousand eight hundred and fifty-two, at our Jackson Circuit Court, hath recovered against Jacob Hall, in the sum of eighteen hundred and fifty-three dollars and sixty-four cents, which said sum was adjudged to the said Solomon L. Leonard, administrator as aforesaid, and also for his costs ; and, whereas, by a decision of the Supreme Court of the state of Missouri, made herein, at the July term A. D. 1852, of said court, said judgment as aforesaid was affirmed, and ten per cent. damages on the same, (making the additional sum of one hundred and eighty-five dollars and thirty-six cents,) was awarded to said plaintiff therein by said Supreme Court :

" These command you, that of the real estate of the said Jacob Hall, mortgaged herein, to-wit : beginning at the south-east corner of the north-east quarter of section ten, township forty-nine, range thirty-two, thence west to the centre of said section, to the corner of Smallwood Noland, John McMurray and Oliver Caldwell ; thence north, one hundred poles ; thence east to the eastern line of said section ten ; thence south, one hundred poles to the beginning, containing one hundred acres, more or less, lying in the county of Jackson and state of Missouri : you cause to be made the sum aforesaid adjudged, and damages aforesaid awarded, together with the costs ; and that you have the same before the judge of our said Jackson Circuit Court, on the first day of the next September term thereof, to satisfy the sum aforesaid, and damages aforesaid, and costs aforesaid ; and that you certify how you execute this writ.

Witness, Samuel D. Lucas, clerk of the said court, with the seal thereof hereto affixed, at office, in Independence, this 30th day of July, A. D. 1852.

" SAMUEL D. LUCAS, Clerk." (L. S.)

" Solomon L. Leonard, administrator of Edward Wilburn, plaintiff, *vs.* Jacob Hall, defendant.

"In the Jackson Circuit Court—September term, 1852.

" And said defendant comes and moves the court here to quash the execution issued against him by the clerk of the court, on the ——— day of ———, 1852, for the following reasons : First, because there is no judgment remaining of record in this court, to authorize the issuing of said execution ; second, because there is no such judgment remaining of record in this court, as is recited in said execution ; third, because said execution purports to be issued partly upon the judgment of this court and partly on a judgment of the Supreme Court of the state, rendered at the July term of the Supreme Court, 1852, at the city of Jefferson ; fourth, because the execution should have issued, if issued at all, on the judgment of the Supreme Court, as certified by the Supreme Court to this court ; and, fifth, because judgments of the Supreme Court, when certified to this court, can only be carried into effect by an order of this court, and the clerk of this court is not authorized to issue an execution on such certified judgments in vacation."

1. The question arising on the statement of the facts of this case, involves the authority of the clerk of the Circuit Court to issue an execution upon a judgment of that court, which has, on appeal or writ of error, been affirmed with damages by the Supreme Court. It is the opinion of this court, that the clerk of the Circuit Court has the power and authority to issue such execution.

The thirty-sixth section of the act to regulate the practice in the Supreme Court, (R. C. 1845, p. 906,) declares, that " the Supreme Court, upon the determination of any cause, on appeal or writ of error, may award execution to carry the same into effect, or may remit the record with their decision thereon,

to the Circuit Court whence the cause came ; and such determination shall be carried into execution by such Circuit Court." See *Meyer* v. *Campbell, McNiff & Barnes*, 12 Mo. Rep. 603. It is not necessary, in the opinion of this court, for any order to be made by the Circuit Court, directing that an execution issue after the record and decision of the Supreme Court have been remitted to that court. It is in the power of the clerk to issue such execution to enforce the judgment which has been modified and affirmed.

The court below rendered judgment, and ordered that the plaintiff have execution thereof. This was stopped by the appeal. The right to enforce this judgment was suspended until the case was heard in the Supreme Court on the appeal ; when, therefore, the Supreme Court affirmed this judgment with ten per cent. damages, and the judgment and decision of the Supreme Court had been remitted to the Circuit Court, the restriction on the clerk, in issuing the execution, was taken off ; the judgment was then in a condition to be enforced, and the clerk, without any order of the court for that purpose, could issue execution ; there was the judgment affirmed with damages, to be the foundation of the execution.

This has so long been the practice, and so generally acquiesced in, that this court will not disturb it. The judgment of the Circuit Court, in overruling the motion, is, with the concurrence of the other judges, affirmed.