WALTER, Defendant in Error, *vs.* TABOR, Plaintiff in Error.

1. The judgment of an inferior court, affirmed in the supreme court, is a subsisting valid judgment in the court where it was originally rendered, and may be carried into execution accordingly. ( *Meyer* v. *Campbell,* 12 Mo. Rep. 602. *Wilburn* v. *Hall,* 17 Mo. Rep. 471, affirmed.)

### *Error to St. Louis Court of Common Pleas.*

Walter brought an action of forcible entry and detainer against Cathcart before a justice of the peace. Cathcart removed the cause by *certiorari* to the Circuit Court, giving bond conditioned as required by statute, in the sum of $1000, with Patrick T. McSherry, as security. While the case was pending in the Circuit Court, the plaintiff moved for an order on the defendant to give additional security. This motion was sustained, and the defendant ordered to give, " in addition to the bond already given," a further bond, with sufficient security, in the sum of $2000. The additional bond was given, with Joseph Tabor as security. Walter obtained judgment against Cathcart for the possession of the premises and $7500 damages. The case was brought by appeal to this court, and the judgment affirmed. (18 Mo. Rep. 256.) Execution thereupon issued out of the Circuit Court for the restitution of the property and for the damages. The possession of the property was restored to Walter, but no damages made.

The present suit was brought by Walter against Tabor upon the bond in which the latter was security. At the trial, the plaintiff offered in evidence a certified copy of a record from the Circuit Court of the case of *Walter* v. *Cathcart*, showing the proceedings above stated. To the reading of this record in evidence, the defendant excepted. The plaintiff obtained judgment for the penalty of the bond, with interest, and the defendant sued out this writ of error.

*J. R. & R. F. Barret*, for plaintiff in error.

*Samuel Reber* and *H. N. Hart*, for defendant in error.

LEONARD, Judge. The judgment of an inferior court affirmed here, is a subsisting valid judgment in the court where it was originally rendered, and may be carried into execution accordingly. This is settled practice, and has been repeatedly recognized in this court, and we cannot allow it to be now drawn in question. (*Meyer* v. *Campbell*, 12 Mo. Rep. 602. *Wilburn's Adm'r* v. *Hall*, 17 Mo. Rep. 471.)

We discover no variance between the recognizance sued upon and the one given in evidence. Let the judgment be affirmed.