MARTIN DENNISON, Appellant, *v.* THE COUNTY OF ST. LOUIS, Respondent.

*County Court—Record.*—The action of a county court must be shown by its records. Oral testimony is inadmissible to prove the making of a contract with the county to construct or repair a public road, and if the contract be made with an agent or officer of the county, his authority must appear of record.

*Appeal from St. Louis Court of Common Pleas.*

*L. M. Shreve,* for appellant.

If the work was ordered to be done by the judges of the county either on the bench to plaintiff, or to the engineer and agents of the county, by whom plaintiff was ordered to do the work, and did do it, it was perfectly proper proof. (Boggs v. Caldwell Co. 28 Mo. 589.) What a court of record does is known alone by its record; its doings, then, cannot be established by parol proof, (Medlin v. Platte Co. 8 Mo.; 12 Mo. 598;) provided it is necessary that the proceeding should be recorded.

Every act of the court need not be recorded. It is not necessary to record an order requiring the clerk to make an index, and payment for same will be enforced upon proof of verbal order and services rendered. (Boggs v. Caldwell Co. 28 Mo. 587.)

*S. H. Gardner,* for respondent.

By an act relating to the establishment and improvement of roads in St. Louis county, approved March 5, 1855, (Sess. Laws of 1855, p. 671,) a special fund is set apart for the construction and repair of roads in this county. The roads are put in charge of the county court, and the court is authorized to employ surveyors, engineers, and agents, and to make public and private contracts for the opening and repairs of roads in this county. (See sec. 15 of above named act.)

A special fund having been thus provided by law, and the control of the roads and the disbursement of that fund having been given to the county court, no recovery could be had against the defendant until plaintiff showed he was authorized by the county court to furnish the materials and do the work sued for. (See Wolcott v. Lawrence Co. 26 Mo. 272.) But as no authority from the county court could be shown except by its record, it would be monstrous to say that a county engineer, without authority from the county court, (and that must be in writing, and of record, as the

court can only speak by its record,) could bind the county to pay thousands of dollars, as is demanded in this case, by merely directing or agreeing with a party to do work. If such was the case, the whole road fund of the county would be at his mercy, with no check upon him but his honesty and discretion. The law never contemplated the existence of any such state of things; still less would it recognize the authority of one or more of the county judges, when off the bench, to contract for or bind the county in any manner. (See Medlin v. Platte Co. 8 Mo. 235 ; Milan, exec'r, v. Pemberton, exec'r, 12 Mo. 598 ; Boggs v. Caldwell Co. 8 Mo. 586.)

BAY, Judge, delivered the opinion of the court.

The record in this case discloses no error committed by the court below. By a special act of the Legislature, approved March 5, 1855, the county court of St. Louis county was empowered to open, establish, change and keep in repair all the public roads in said county, and to employ for such purpose such surveyors, engineers or agents as might be deemed necessary.

The second count of plaintiff's petition alleges that by virtue of an agreement made by plaintiff with one Gray, as engineer and agent of the defendant, he delivered, for the use of the defendant, on the Bellefontaine road, four hundred and seventy-six squares of rock, at five dollars and seventy-five cents per square, amounting to $2,731.

The answer of defendant denies that the plaintiff ever made any agreement with defendant, or with any person authorized to contract for defendant, to deliver said rock, or any rock, on said road ; and denies that plaintiff ever delivered any rock on said road for the use of the defendant ; and denies that said Gray, or any other person, was authorized to contract for or in behalf of the defendant.

Upon the trial of the cause, the plaintiff undertook to prove by oral testimony the agency of Gray, and that defendant directed Gray to have the rock placed upon said road; in other words, undertook to establish, by oral testimony, a contract between plaintiff and defendant to deliver

a certain quantity of rock on the Bellefontaine road for the use of the defendant. The defendant objected to the evidence, which objection was sustained, whereupon the plaintiff took a nonsuit, with leave to move to set the same aside; and the court having overruled a motion to set the same aside, plaintiff appeals to this court.

The county courts of this State are courts of record, made so by statute, and are required to keep just and faithful records of their proceedings, and their acts and proceedings can only be known by their record.

The plaintiff attempted to prove by mere parol testimony that the county court had authorized and appointed Gray to make the contract in question. The testimony was clearly inadmissible, the record of the court being the only legal evidence of that fact. This court has so ruled upon several occasions. (Mealin v. Platte Co. 8 Mo. 235; Milan, adm'r of Crockett, v. Pendleton, 12 Mo. 598.) The case of Boggs v. Caldwell Co. 28 Mo. 586, invoked by appellant, is not authority to the contrary. That was a case in which the clerk of the court presented a claim for making an index to the record of deeds. Judge Napton, in delivering the opinion of the court, thought that a verbal direction from the judges on the bench, or from the presiding judge alone, would warrant a compliance on the part of the clerk, and lay the foundation for a just claim for a reasonable compensation against the county; that in a matter relating to the books and papers in the office of the clerk, the formality of a record entry was unnecessary. He liked it unto a verbal order to procure ice for the court during its session or benches, for the convenience of visitors or by-standers. It would be doing Judge Napton great injustice to suppose that he intended to convey the idea that a record entry was not necessary in building a court-house, or constructing a road. No such inference can be drawn from anything stated in the opinion.

Judge Bates and Judge Dryden concurring, the judgment of the court below will be affirmed.