MAUPIN v. FRANKLIN COUNTY, *Appellant.*

1. **A Contract with a County Court** cannot be established by parol evidence; it is a court of record and can only speak by its records.

2. **A Verbal Contract by a County Court** is not validated by the fact that the court has paid part of the money stipulated to be paid, and the work was afterwards completed, and was accepted and used by the county.

3. **County Court:** RECORD BOOKS FOR CIRCUIT COURT. It does not come within the province of the county court to provide a judgment docket for the circuit court, or to contract for entering upon such docket satisfaction of the judgments rendered in the latter court. The law imposes these duties upon the circuit court and the circuit clerk.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

*J. W. Booth* for appellant.

*L. E. Parker* for respondent.

SHERWOOD, C. J.—One Maupin presented a claim against Franklin county, in the county court thereof. The statement of his claim is as follows: The said Amos W. Maupin states that the county of Franklin owes him an unpaid balance of five hundred and fifty-eight dollars and twenty-five cents, on account of services rendered in entering satisfaction of record in judgment records of the

circuit court for Franklin county, of all judgments in said court, from the year 1841 to the 1st day of January, 1871; for, that the county court of said county, at the ——— term thereof, in the year 1867, employed the claimant, the said Amos W. Maupin, to prepare, or cause to be prepared, a book for the entry of satisfaction of judgments that had been rendered in the circuit court for said county, and to enter therein satisfaction of all judgments that had been paid and satisfied, as shown by the executions on file in the office of the clerk of the circuit court and other record evidence; that said county court, on behalf of said county, agreed and promised to pay and reimburse the said A. W. Maupin for all necessary expenses in preparing the said book of judgment entries, and agreed and promised to pay him, for each entry therein of satisfaction of judgment, the sum of twenty-five cents; that said A. W. Maupin caused to be prepared the said book for the entry of satisfaction of judgment, and did enter therein satisfaction of all judgments rendered in said circuit court, from the year 1848 to the 1st day of January, 1871, to the number of two thousand six hundred and sixty-seven; that said county court, at the ——— term thereof, ———, paid and allowed to A. W. Maupin, on account of said service, in accordance with said employment, the sum of $108.50, leaving a balance due plaintiff, as aforesaid, of $558.25, for which he asks judgment of this court, and that a warrant be issued to him therefor. The county court rejected the claim, and plaintiff appealed to the circuit court.

On the trial both parties admitted that the records of the county court showed no such contract as is alleged in said statement, and showed no order to do the work sued for, and respondent offered parol evidence, tending to show a contract between said county court and appellant, who was circuit clerk and *ex officio* recorder of said county, as set forth in said statement. Defendant objected to the admission of such parol evidence, upon the ground that the county court being a court of record, parol evidence

was inadmissible to prove the alleged contract; but the court overruled said objection and admitted the evidence. Plaintiff also offered evidence tending to show that he did the work sued for, and that the work was reasonably worth the sum charged therefor, and that during the progress of the work the county court, by a warrant, made a payment on said alleged contract, under faith of which respondent went on with the work; that the judgment docket, so made, is now a part of the records of the circuit clerk's office of said county, and so used, and that prior to the alleged contract, no such judgment docket was in said county, and that it was necessary. To the admission of all which evidence concerning payment, and the necessity of said docket, defendant objected, on the ground that said evidence was irrelevant; but the court overruled the objection, and admitted the evidence. The case was tried by the court, and judgment rendered for plaintiff.

I. The court below erred in admitting parol evidence as to the alleged contract made with the county court. A county court, like any other court of record, can only speak by its record, and the statute (1 Wag. Stat., 419, § 5), expressly requires that such courts " keep just and faithful records of their proceedings." The obviously correct principle that parol evidence is inadmissible to prove a contract with the county court, was announced at an early day in this State. (*Medlin v. Platte County*, 8 Mo. 235 ; *Milan v. Pemberton*, 12 Mo. 598.) It seems to be thought the case of *Boggs v. Caldwell Co.*, (28 Mo. 586,) enunciates a different rule, but it will perhaps be found that case proceeded on the ground that the formality of entering an order of record was unnecessary, when relating to "*books in the office*" of the clerk; and the verbal order in that instance was treated as analagous to one for furnishing ice during the session of court, or benches for by-standers. And even the authority of that case has been doubted in *Reppy v. Jefferson Co.*, (47 Mo. 66,) and it certainly seems that the proper, and if we give heed to the statute and the earlier

decisions above noted, the only course to pursue is in every instance to let the record speak the only utterances of the court entitled to recognition. It has often been held by this court, in accordance with this view, that when a contract had been made with a county court, the record of that court was the only legitimate evidence adducible in support of the contract. (*Dennison v. County of St. Louis,* 33 Mo. 168 and cases cited; *Reppy v. Jefferson County, supra.*)

II. Nor does it help plaintiff's case any that the county court paid a portion of the sum verbally agreed upon, nor that the work thus agreed upon was afterwards finished. (*Wolcott v. Lawrence County,* 26 Mo. 272.) A similar ruling to this was made in another case decided at the present term. *Johnson v. School District, ante,* p. 319.

III. But granting that a mere verbal contract made with the justices of the county court, would bind the county, still the plaintiff could not recover, and for this reason: The work bargained for, was wholly unauthorized by law—so far, at least as the county court was concerned. It mattered not to that court whether the previous clerks of the circuit court had done their duty in keeping the proper books in their office or not. That court possesses no supervising control over the clerks of the circuit court. The duties of the clerk of the circuit court, in respect of a judgment docket, are defined by the statute. (1 Wag. Stat., 793, § 27.) And, as to pay for entering satisfaction of the judgments, this was also wholly unauthorized. The statute provides that satisfaction of judgments shall be entered at the instance of the party, interested, and paid for by such party. (1 Wag. Stat., § 24, pp. 792, 793; Id., § 10, p. 623.) If there had been a judgment docket, and it had become in a torn or ruinous condition, it belonged *exclusively* to the circuit court to make the necessary order to have the entries in the old book transferred to and transcribed into a new book.

As the work to be done was altogether unauthorized

to be contracted for by the county court, it follows that plaintiff's petition stated no cause of action, and the judgment for that reason alone, should be reversed. So long as county courts confine themselves to their appropriate sphere of action, as prescribed by law, their acts will be respected and upheld; but no further. (*Saline Co. v. Wilson*, 61 Mo. 237 and cases cited.) Judgment reversed. All concur.

REVERSED.