MOBLEY v. NAVE *et al.*, *Appellants*.

1. **Mistake in Court Records, how Corrected**: PAROL EVIDENCE is not admissible in a collateral proceeding for the purpose of showing that a court was in session on a day when the record of the court shows that it stood adjourned. A mistake in the record as to the date of the sitting must, like other mistakes in the record, be corrected by a direct proceeding for that purpose.

2. **An Administrator's Deed**, executed in pursuance of a sale held on a day when no court of record was in session, is void and passes no title to the purchaser.

3. **Ejectment Against Purchaser at Void Administrator's Sale**: MEASURE OF DEFENDANT'S RELIEF. In an action of ejectment by an heir against one who holds possession of land under a void sale made by the administrator of the ancestor, and who was at the time of his purchase from the administrator a judgment creditor of the estate, and as such entitled to a lien on the land, before the plaintiff can recover, the defendant will be allowed the amount of the purchase money, with interest at 6 per cent. per annum, but not the amount of the judgment debt with interest at the rate it bears.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

*Ben Loan* and *Allen H. Vories* for appellants.

1. Parol evidence was admissible for the purpose of proving that a clerical error had been made in entering the order of adjournment of the probate court, and that the adjournment was in fact to the 18th and not to the 19th. 2. Defendant Nave, being the owner of the two judgments, which were a prior lien upon the lots in controversy, and under the law having the right to subject them to the payment of his debts, and the plaintiff having no right, either legal, equitable or moral, to get the property until the debts of the ancestor were paid, the law will compel the plaintiffs to pay these debts before they can take possession of such property, and, for that purpose, equity will treat the judgments as continuing liens. *Valle v. Fleming*, 29 Mo. 152; *Jackson v. Magruder*, 51 Mo. 55; *Jones v. Mack*,

53 Mo. 147; *Honaker v. Shough*, 55 Mo. 472; *Grayson v. Weddle*, 63 Mo. 523. If the ancestor had attempted to relieve his property from the judgment liens, the amount of the debts must have been paid. The heir surely can be in no better position than the father, as she takes the property subject to all his legal debts. From the circumstances surrounding this case, appellants contend that plaintiffs are estopped from claiming any title to said lots. 2 Story's Eq. Jur., sections 1520, 1521, 1522; *Landrum v. Union Bank*, 63 Mo. 48; *Moreman v. Talbott*, 55 Mo. 397; *Collins v. Rogers*, 63 Mo. 515; *Evans v. Snyder*, 64 Mo. 516.

*John D. Strong, Bennett Pike* and *Wm. H. Sherman* for respondents.

Upon what ground can appellants claim more than was allowed by the court? If this court should believe that defendant Nave had no notice of any infirmity in his title, that he was a *bona fide* purchaser of the lots in controversy, and that the purchase price was applied to discharge an existing incumbrance or charge upon the estate of Lykins, the most favorable decisions in equity hold that Nave is then only entitled to be repaid the amount of his payment, with interest, by the true owner seeking to recover the estate from such purchaser. The liability of the true owner for improvements is only for permanent improvements—not repairs merely; and this liability is founded on constructive fraud, or gross negligence, or delusive confidence held out by the true owner, not one of which grounds of liability can be said to exist in this case. At all events, Nave's equitable right to reimbursement can only exist to the extent of the charge from which his purchase at the time relieved Lykins' estate. *Bright v. Boyd*, 1 Story, (C. C.,) 492; *Penn v. Heisey*, 19 Ill. 295. Defendants are not in possession of these premises under any sale foreclosing a lien, but under an administrator's sale to pay

the debts proved against Lykins' estate. Defendant Nave's equities do not embrace the full amount of the judgment held by him against Lykins. The lien of a judgment is purely statutory, depending upon statutes for its validity and vitality. The statutory limitations of the force and effect of a judgment lien are not extended by equity. Wag. Stat., p. 790, § 3; *Chouteau v. Nuckolls*, 20 Mo. 442; *Miller v. Doan*, 19 Mo. 650; *Prewitt v. Jewell*, 9 Mo. 723. A judgment lien upon real estate of the debtor is not *jus in re;* it is a right of the owner of the lien, by proper proceedings, to subject specific property to the satisfaction of the judgment, but of itself it confers no legal or equitable right to the possession of the property against which it may be enforced. *Warner v. Veitch*, 2 Mo. App. 463.

Hough, J.—This was an action of ejectment instituted November 13th, 1872. The plaintiff, Myra H. Mobley, is the only child and heir of John H. Lykins, who died intestate seized of the property in dispute. Before the death of Lykins the defendant became the owner of two judgments against him, one for the sum of $1,221.54, and another for the sum of $470.56, both rendered on the 18th of March, 1859, bearing interest at the rate of ten per cent., which were liens on the lot sued for. On petitions filed March 15th, 1862, for that purpose, the liens of these judgments were revived. The foregoing judgments were exhibited against the estate of Lykins, and the defendant Nave claims title under a sale made by the administrator of Lykins on the 18th of September, 1863, to pay the debts of the deceased. The judgments held by Nave were credited with $1,425, the amount of his bid at said sale, and he went into possession under the administrator's deed, and made some improvements. It appears from the records of the probate court that said court was not in session on the day on which the sale was made, and there was no testimony tending to show any mistake in the date of the sale as recited in the deed.

Mobley v. Nave.

Parol testimony was offered by the defendant to show that the court was in session on the 18th of September, 1863, but it was rejected by the court, and properly so. If it can be shown by parol that a court was in session on a day when the records of such court show that it stood adjourned on that day, we see no reason why it cannot also be shown by parol that a court was not in session when its records show that it was in session. The confusion and injury which might ensue upon the admission of parol testimony for such a purpose, in a collateral proceeding, is manifest. Proceedings in a court of record can only be proved by the record. *Medlin v. Platte County*, 8 Mo. 235 ; *Milan v. Pemberton*, 12 Mo. 598 ; *Dennison v. County of St. Louis*, 33 Mo. 168 ; *Maupin v. Franklin County*, ante p. 327. And the time at which such proceedings were had can be shown only by the record. Mistakes in the record, as to the date of the sittings of a court, or of any proceeding therein, must, like other mistakes in the records of such courts, be corrected by a direct proceeding for that purpose.

*1. MISTAKE IN COURT RECORD, HOW CORRECTED ; parol evidence.*

As the administrator's sale was not made during the session of the probate court, and as it is not pretended that either the circuit or the county court was in session at the time, the administrator's deed passed no title to the defendant. *McClurg v. Dollarhide*, 51 Mo. 347. This view of the case makes it unnecessary to consider the objections made to the record entry of the order of sale, the alleged *nunc pro tunc* entry of such order, and the notice given by the administrator that application would be made for such order.

*2. AN ADMINISTRATOR'S DEED.*

The circuit court treated the sale as invalid, but, as prayed by the defendant in his answer, took an account between the parties, charging the defendant with the rents and profits of the premises, and crediting him with the value of his improvements, and the amount of the purchase money and interest at six per cent., and awarded the possession to the

*3 EJECTMENT AGAINST PURCHASER AT VOIE ADMINISTRATOR'S SALE.*

plaintiff upon the payment of the balance so found to be due from her. The defendant complains of this adjustment of his equities, and contends that he should have been allowed the whole amount of his two judgments, with ten per cent. interest thereon. It is conceded that if a stranger had purchased, he would be entitled to nothing more than his purchase money and interest, but it is insisted that the owner of the judgment occupies a better position than a stranger, and may demand the whole of his debt. No sufficient reason for this distinction has been presented in argument. If the heir should seek to recover lands of which the ancestor died seized, from a mortgagee in possession who had gone in under a void sale, he would be required to pay the whole mortgage debt, although it should exceed the amount of the purchase money or the value of the land; and his proceeding would be by bill to redeem; he could not maintain ejectment. In such case the mortgagee, having an estate in the land, would have a right to the possession thereof until every portion of his debt was paid. Not so, however, with a judgment creditor. He has as such no *jus in re*, but a right of priority only in enforcing his demand against the debtor; and where he has obtained possession under a void sale, no bill to redeem, by the heir, is necessary in order to regain the possession, nor could he retain possession of the land as against the heir by virtue of the lien of his judgment. He stands as any other purchaser would, and must be content with his purchase money and interest. The judgment of the circuit court will therefore be affirmed. The other judges concur.

AFFIRMED.