AINGE v. CORBY, *Appellant.*

1. **Administrator's Sale**: RECORD EVIDENCE: PAROL EVIDENCE. A recital in an order of approval of an administrator's report of sale, showing that the sale was held on a day when the probate court was in session, may be contradicted by the production in evidence of another order showing that the court stood adjourned on the day of the sale.

   Parol evidence will not be received to show that notwithstanding the order of adjournment, the court was in point of fact in session. *Mobley v. Nave,* 67 Mo. 546.

2. **Evidence in Ejectment.** To a petition in ejectment the defendant answered that he had purchased the land at a sale by one C. as administrator of J. F., and paid the purchase money in full; that C. had paid it over to C. F. as heir and creditor of J. F.; that defendant had gone into possession, and with the knowledge and acquiescence of C. F. had made valuable and lasting improvements. Plaintiffs claimed under C. F. At the trial plaintiffs read in evidence the final settlement of C. as administrator of the partnership estate of J. F. & Co., showing a balance against C. *Held,* that the evidence was irrelevant and tended to confuse the jury; and for

17—70

the error in admitting it the judgment in favor of the plaintiff was reversed.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

REVERSED.

*Silas Woodson* and *B. R. Vineyard* for appellant.

1.　The court below erred in permitting the plaintiffs to introduce the records of the probate court to show that it was not in session on the 18th day of September, 1863. The order for the sale required the administrator to sell on that day, during the session of the circuit, county or probate court, and in approving the sale at the next term, upon the report of the administrator, the probate court having full jurisdiction, judicially determined "from the evidence heard, and the exhibits of the proof of publication of the sale, that the order of this court has been fully complied with in all things." This judicial determination of the probate court of the matter is conclusive against all parties, especially in collateral proceedings. *Johnson v. Beazley*, 65 Mo. 250; *Freeman v. Thompson*, 53 Mo. 192. It was a final judgment from which an appeal lay.　Wag. Stat., § 1, p. 119; *Tutt v. Boyer*, 51 Mo. 430; *Wilson v. Brown*, 21 Mo. 410.

2.　The court below erred in permitting plaintiffs to introduce parts of the items in the final settlement of John Corby as administrator of the estate of Jeremiah Flaherty and Jeremiah Flaherty & Co. *Lamothe v. Lippott*, 40 Mo. 142; *Overton v. Johnson*, 17 Mo. 442; *Murray v. Roberts*, 48 Mo. 307; *Barton v. Barton*, 35 Mo. 158.

*C. A. Mosman* and *Ben. Loan* for respondents.

NORTON, J.—This is a suit by ejectment to recover the possession of certain lots in the city of St. Joseph, Buchanan county. The petition is in the usual form. The

answer is a general denial, and it is therein set up as a further defense that the plaintiffs claim title through one Jeremiah Flaherty, who died in Buchanan county prior to 1863, that one John Corby became the administrator of the estate of said Flaherty, deceased, and in virtue of appropriate proceedings had in the probate court of Buchanan county, sold and conveyed by administrator's deed all the right, title and interest of said Flaherty in and to the real estate in controversy; that the purchaser immediately after entered into the possession of the premises with the full knowledge and acquiescence of Charlotte Flaherty, the widow of said Jeremiah Flaherty, and ancestrix of plaintiffs, and made valuable improvements costing $2,500; that the purchase money derived from said sale, amounting to $5,975, or a greater portion thereof, was paid to the said Charlotte Faherty, as heir and creditor of the said Jeremiah Flaherty, no part of which had been paid back or offered to be paid back, either by the said Charlotte Flaherty or the plaintiffs in this suit. By reason of all which defendant claims that plaintiffs are estopped from setting up title to the property sued for. The replication contained a denial of all the matters alleged in the answer, and also set up that the sale of said property was procured through fraudulent practices of Corby, the administrator. That part of the replication setting up fraud in the procurement of the sale, was, on motion, stricken out, and a trial being had plaintiffs obtained judgment, from which the defendant has appealed to this court.

The principal errors assigned are that the court erred in receiving improper and rejecting proper evidence. All the proceedings instituted by Corby as administrator in the probate court for the sale of the lots, were offered in evidence, and those of them which have a bearing on the controversy may be summarized as follows: The order of court authorizing the administrator of Flaherty to sell the real estate in dispute, directs him to sell " on the 18th day of Sep-

1. ADMINISTRA-TOR'S SALE: record evidence: parol evidence.

tember, 1863, and during the session of the circuit, county or probate court." The report of the sale recites that the property was sold " on the 18th day of September, 1863, during the session of the probate court." The administrator's deed recites a notice of the sale " on the 18th day of September, 1863, and during the session of the probate court," and a sale in pursuance thereof. The order of court approving the sale recites that the report is fully approved, " it appearing    *    *    that the order of this court has been fully complied with in all things." Plaintiffs, for the purpose of showing that the probate court of Buchanan county was not in session on the 18th day of September, 1863, offered in evidence the record of said court, which showed that the court stood adjourned from the 14th day of September, to the 19th day of September, 1863. This evidence was received over defendant's ojection, and the action of the court in receiving it. is assigned for error.

The defendant then offered to prove by the judge of said court that it was in session on the 18th day of September, 1863, transacting business, but that by mistake in writing up the records they failed to show the fact. This evidence was rejected, and this action of the court is also assigned as error. The trial court was fully justified in receiving the evidence offered by plaintiffs and rejecting that offered by defendant, by the decision of this court in the case of *Mobley v. Nave,* 67 Mo. 546, where the precise questions here presented were passed upon. The above case is distinguishable or different from the one before us, in this only, that the defense set up by defendant in this suit by way of estoppel was there set up as an equitable defense, and account was asked to be taken in order to the adjustment of the equities between the parties. In all other respects they are alike.

It is also objected that the court committed error in allowing plaintiffs to show by the final settlement of John

Ainge v Corby.

2. EVIDENCE IN EJECTMENT. Corby as administrator of the partnership estate of Flaherty & Co., that there was a balance in his hands of $1,753. We are not able to perceive the relevancy of this evidence to the issue on trial. Had the final settlement of John Corby as administrator of Jeremiah Flaherty, deceased, been drawn in question before the court in a direct proceeding to impeach and set it aside, the evidence might have been received. No such question as this was before the court. Had the issue which was tendered in plaintiffs' replication, that Corby as administrator fraudulently procured the sale of the property in question, been before the court, the evidence might have applied to it. But the issue thus tendered in the replication was, on motion of defendant, stricken out by the court. We think the evidence was misleading and calculated to confuse the minds of the jury on the question of estoppel arising from valuable improvements made by the purchaser on the lots in question, with the knowledge and acquiescence of Mrs. Flaherty, and the payment to her as a creditor and heir of the estate of the greater portion of the proceeds of the sale; and the finding of the jury on the question of estoppel, which was fully submitted to them by the court in appropriate instructions, justifies the conclusion that the evidence had the effect we have ascribed to it. For the error in receiving it the judgment will be reversed and cause remanded, when upon a reformation of the pleadings, the cause can be tried according to the principles announced in the cases of *Mobley v. Nave, supra,* and *Evans v. Snyder,* 64 Mo. 516. All the judges concur.