RILEY, *Appellant*, v. PETTIS COUNTY.

1. **County Courts: ACTS, HOW PROVED.** County courts, when act⁻ ing in a judicial capacity, can speak only through and by their records.

2. ——— : **CONTRACT: ASSENT OF CONTRACTING PARTY.** A county court cannot bind a party, with whom it professes to contract, by simply reciting the alleged contract on its records. The assent of the contracting party must appear.

3. ——— : ——— : ——— : **PAROL EVIDENCE.** Parol evidence as to what was said by the parties to a contract, made by a county court, when the record entry of the contract was made by the court, is competent to prove that the other party to the contract assented thereto.

4. ——— : ——— : **PAROL EVIDENCE.** Parol evidence is admissible to prove that a warrant, issued by the county court, and accepted by the plaintiff, the lessor of the county, was in full settlement of all claims and demands on account of the lease.

5. **Landlord and Tenant: DUTY OF LANDLORD.** When a landlord rents a building for a particular purpose, and covenants to repair, it is his duty to put the building in such a state of repair as the business requires.

6. ——— : ——— : **TENANT'S KNOWLEDGE OF CONDITION OF PREMISES.** Plaintiff leased the defendant the second story of a building for a courthouse. At the time of the lease, the lower story was with defendant's knowledge occupied as a warehouse. Plaintiff agreed that for any time the premises were not in good condition for com- fortable occupation as a court-room, he should receive no pay. *Held,* the court committed no error in refusing an instruction which told the jury that, under the above facts, the noise from such business was no defense to an action for rent.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*L. L. Bridges* and *E. J. Smith* for appellant.

(1) The defenses in the answer are inconsistent and the motion to compel an election should have been sustained. (2) The court admitted evidence over plaintiff's objection to show an agreement made by plaintiff and the county court in addition to that shown by the county court record. This is error. What the court did can only be shown by the record and is so shown. *County v. Bishop*, 46 Mo. 68; *Rippy v. County*, 47 Mo. 66; *Johnson v. School District*, 67 Mo. 319; *Chambers v. Board of Education*, 60 Mo. 370; *State ex rel. v. Tiedman*, 69 Mo. 515. (3) Defendant took the lease and occupied under it with full knowledge of the matters now complained of, and said matters are, therefore, no defense. (4) If, in fact, the building was safe when defendant abandoned it on a claim that it was unsafe, plaintiff should recover. (5) As plaintiff offered to make the changes suggested by architect Manning in his report, defendant should have allowed him to do so and still occupied and paid rent.

*Henry Lamm, W. S. Shirk* and *Geo. P. B. Jackson* for respondent.

(1) The defenses are not inconsistent. *Nelson v. Brodhack*, 44 Mo. 596; *Rhine v. Montgomery*, 50 Mo. 566; *McAdow v. Ross*, 53 Mo. 202; *State ex rel. v. Rogers*, 79 Mo. 286; *May v. Burk*, 80 Mo. 679. (2) The parol evidence was not designed to establish anything that should have been of record in the county court. It was offered to bind the appellant to the agreements, set forth in the record; for that purpose it was necessary and proper. (3) Under the lease in this case, it is immaterial what may have been the condition of the property when the lease was made, or what knowledge defendant had concerning it. *Myers v. Burns*, 35 N. Y. 269. (4) The agreement to take the report of an architect as

to the safety of the building, amounted to an arbitration, and the report is conclusive of that question.

BLACK, J.—The plaintiff leased to Pettis county the second story of a house in Sedalia for a court-room, for two years from the first of May, 1882, at an annual rental of five hundred dollars, payable quarterly. The lease contains this stipulation : "Said Riley to keep the said room in good repair at his own expense, and during any time that the same shall not be in good condition for comfortable occupation by said county as a court-room, the said county shall not be liable to pay any rent therefor." This is a suit to recover rents from February 1, 1883, to the end of the term. There was a verdict and judgment for the defendant.

Two orders of the county court were put in evidence ; they are as follows: "December 21st, 1882. It is ordered by the court, that Jno. A. Lacy, Jno. Baker and B. H. Ingrum be appointed a committee to secure a suitable room to hold the January term, 1883, of the Pettis county circuit court ; and further ordered that the said committee employ a competent architect to make a thorough examination of the present court-room, known as 'Riley's Hall,' and report as to the safety of said building, at the next term of this court; W. B. Riley, owner thereof, agreeing, and it is agreed by and between this court and Riley, that the report of said architect shall be a settlement as to the safety of this building. And it is ordered that the expense of employing the architect, with his charges, shall be shared equally by the county and W. B. Riley, he agreeing thereto." "February 9th, 1883. It is ordered that the building known as 'Riley's building,' on Second street, in Sedalia, and used by the county for county purposes, be vacated by the county, on account of the insecurity of the same ; the said building having been declared unsafe for public use by C. H. Manning, builder and architect, whose report is on file in this court. And

further ordered that a warrant be issued to W. B. Riley for rent of said building to the first day of February, 1883, as per bill presented by him, for one hundred and twenty-five dollars, deducting therefrom twenty-five dollars for his one-half of the expense incurred by the employing of the said architect for examining said building and reporting on the same according to agreement heretofore made with this court, and it is further ordered that the sheriff carry out this order as to vacating the said building.''

The report of the architect is not before us, but the record recites that it tends to show that the building was unsafe, and makes suggestions of changes, repairs and improvements which, if made, would render the house safe. It is an undisputed fact that no such repairs were ever made.

1. Objection is made because the court allowed the defendant to show by parol evidence an agreement between plaintiff and defendant, made at the date of the first order, that in case the architect reported the house unsafe, defendant should abandon it and pay no more rent; and, at the date of the second order, that plaintiff accepted the warrant, then issued in settlement and discharge of demands on the lease. All courts of record are required to keep full entries of their orders and proceedings. The county court, when acting in a judicial capacity, can speak only by and through its records.

This rule has, indeed, been applied to county courts when not acting in a judicial capacity, but simply as agent of the county in the execution of contracts. *Dennison v. County*, 33 Mo. 168; *Reppy v. County*, 47 Mo. 66; *Maupin v. County*, 67 Mo. 329. But it cannot be said that the county court can bind a party, with whom it professes to contract, by simply reciting the alleged contract on the records of the court. It must appear

that the other party assented thereto, and whether he did or not may be shown by parol evidence. Hence in this case, the plaintiff was allowed to offer evidence tending to show that he did not make the agreement stated in the first order, though much of his own evidence tends to show that he did. The evidence was, therefore, competent for the purpose of showing that he consented to and became a party to the agreement set out in the orders. To show that he did become a party thereto, it was necessary and proper for the defendant, as well as for the plaintiff, to show what was said by the parties when these orders were made.

2. This evidence tends also to show that plaintiff accepted the warrant in satisfaction and discharge of all claims and demands on the lease, and such an issue was submitted to the jury, and it is objected that this agreement is outside of anything shown on the face of the orders. The last order shows that the court then determined to formally vacate the house; it had not been used as a court-room since May of the previous year; and the vacation was evidently intended to be permanent. The order is an appropriate one to have made on the supposition that the warrant, then issued, was in settlement of all claims and demands on account of the lease, and we think it was competent to show that such was the understanding upon which it was issued and accepted by plaintiff. The plaintiff's own evidence is good proof that such was the understanding.

3. The room in question had been used by the county as a court-room before the date of the present lease, and, at the date of the lease, was used as a warehouse. On this evidence, the plaintiff asked the court to instruct that if the lower story of the building was, with defendant's knowledge, occupied as an agricultural warehouse when the lease was executed, then the noise from such business is no defense. This instruction the court refused to give. The general rule is that when a

lessor rents a building for a particular purpose, and covenants to repair, it is his duty to put the building in such a state of repair as the business requires. Wood's Land. and Ten., sec. 378. The rule has been applied to the case of a defective flue in a building rented for a hotel, though the defect existed at the date of the lease. *Myers v. Burns*, 35 N. Y. 269. Here the covenant of the lessor is not only to keep the room in good repair, but he agrees that for the time the same shall not be in good condition for comfortable occupation as a court-room, the county should not be liable for rent. If the plaintiff permitted the lower room to be used for a business, the noise from which rendered the upper one unfit for a court-room, unfit for the purposes for which it was in express terms leased, then for such time he ought not to recover. It makes no difference that the lower room was used for a warehouse when the lease was executed. That it was so used, may have been one of the reasons for exacting from the plaintiff this covenant. It may be that the defendant should not defeat the action on any such a ground, if it vacated the room for another and different reason, but that question is not presented by this instruction.

The defendant presented a number of useless issues in this case, but the judgment is manifestly for the right party, and it is affirmed. RAY, J., absent; the other judge concurs.