## SANDERSON v. PIKE COUNTY, Appellant.

**Division One, April 20, 1906.**

1. **PUBLIC OFFICER: Compensation.** The right of a public officer to compensation for the performance of his official duties is derived from the statutes, and he is entitled to no compensation for such services unless the statutes give it.

2. **COUNTY TREASURER: Compensation: County Court's Authority.** The statutes have vested in the county court the power to fix the compensation of the county treasurer for his general services and for his services in distributing the school moneys of the county, and with this discretion neither the circuit court nor the Supreme Court has any right to interfere.

3. ———: ———: ———: **Compensation: How Established.** The county court is a court of record, and its acts and proceedings can only be known by its records. A contract with the county court, to pay the county treasurer a compensation for his services, cannot be shown by parol.

4. ———: ———: **School Fund.** The county treasurer is not entitled to one-half of one per cent on all school moneys distributed by him; he is entitled "to such compensation for his services as the county court may deem advisable" not exceeding that amount. And where the treasurer has been paid a quarterly salary, and after his term expires sues the county for compensation for his services in distributing the school moneys, he cannot recover anything unless he can produce some record of the county court showing that the court deemed it advisable to pay him more money than they did pay him.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED.

*Elliott W. Major* for appellant.

(1) The county court had the right, which it exercised, to fix the compensation of the respondent for his services as treasurer and his commission for handling and disbursing the school funds, and it was the

sole judge of the amount it would allow him and had
the right to pay for all the services in the same war-
rant. R. S. 1899, secs. 9849 and 6807. (2) The appel-
lant pleads consistent facts in his answer which facts
operate both as a payment to and an estoppel upon the
part of respondent. Cadematori v. Gauger, 160 Mo.
352. (3) While the burden is on the party pleading
payment and estoppel, yet, when a final settlement is
shown, the law presumes that all matters were included
therein. Pickel v. St. Louis Chamber of Commerce, 10
Mo. App. 191; 22 Am. and Eng. Ency. Law (2 Ed.),
607. (4) The county paid respondent $1,400 per year,
$300 for quarterly salary and $100 every other quarter,
believing and intending, as the record discloses, that it
was in full payment of salary and commission for hand-
ling school funds; respondent received same knowing
that fact, accepted the benefits, remained silent and
adopted that basis, and cannot now assert the contrary.
He made his quarterly, yearly, term and final settle-
ments on this basis and closed his official business with
the court and passed out of office and is estopped in law
and in equity from now asserting this claim. 11 Am.
and Eng. Ency. Law (2 Ed.), 421; Cornwall v. Ganser,
85 Mo. App. 684; Wonderly v. Christian, 91 Mo. App.
168; State ex rel. v. Branch, 151 Mo. 622; Bank v. Bank,
3 Mo. App. 371; Williams v. Railroad, 153 Mo. 519;
Blodgett v. Perry, 97 Mo. 273. (5) Respondent, know-
ing that warrants issued to him were intended as pay-
ment both of his salary and his commissions on the
school funds, remained silent and permitted same to
be done, and by such conduct is absolutely precluded
from maintaining this action. Acton v. Dooley, 74 Mo.
63; Wonderly v. Christian, 91 Mo. App. 168; Taylor
and Mason v. Zepp, 14 Mo. 339; Blodgett v. Perry, 97
Mo. 273; State ex rel. v. Branch, 151 Mo. 622; Bigelow
on Estoppel, 438, 492 and 493; Acton v. Dooley, 74 Mo.
67; 11 Am. and Eng. Ency. Law (2 Ed.), 433.

*Ball & Sparrow* and *Dempsey & McGinnis* for respondent.

(1) The treasurer's salary for general services is fixed and paid under the provisions of section 6807, Revised Statutes 1899, while his compensation for disbursing school moneys is fixed and paid under the provisions of section 9849, and depends upon the amount of moneys disbursed. Under section 6807, he settles with the county court, while under the other he settles with the clerk. He makes separate bonds (secs. 6767 and 9849) under which duties and liabilities are separate and distinct. Givens v. Daviess County, 107 Mo. 603. (2) None of the characteristics of estoppel are shown. Appellant was not led into a line of conduct prejudicial to its interests. Blodgett v. Perry, 97 Mo. 263; State ex rel. v. Branch, 151 Mo. 639. (3) The county court in making settlements acted in an administrative capacity and such settlements were subject to correction. State ex rel. v. Gideon, 158 Mo. 338.

BRACE, P. J.—This is an appeal by the defendant from a judgment of the Pike Circuit Court in favor of the plaintiff for the sum of $942.79.

The plaintiff was treasurer of Pike county for two consecutive terms, beginning January 1, 1899, and ending January 1, 1903, and during that time disbursed the school moneys of said county under the provisions of section 9849, Revised Statutes 1899, to the amount of $208,562.58, and received from the county the sum of $5,700 for his services. In this action the plaintiff seeks to recover the sum of $942.79, being one-half of one per cent of said sum of $208,562.58, less the sum of $100, credited in the petition on his demand.

The defense was that: "Plaintiff and defendant made regular and periodical settlements, in which the plaintiff was allowed and received the compensation therein awarded him by the county court of Pike coun-

ty, and accepted same in full settlement of his claim for compensation as county treasurer and his claim for compensation for the services mentioned in his petition, and that said plaintiff has been fully paid for all services rendered and performed by him as county treasurer and for all services mentioned in his said petition and upon which he bases his suit and that defendant owes plaintiff nothing. Defendant further says that plaintiff is and ought to be estopped from asserting or claiming any additional compensation by reason of the facts hereinbefore set out and pleaded.''

The plaintiff's contention is that as treasurer he was to receive a salary of $1,400 per annum, and that as such he was entitled in addition thereto to the sum of $1,042.79 for disbursing the school moneys. The only evidence offered in support of his claim was that of the plaintiff himself. He admits that he was paid $5,700; that he was paid quarterly; that each quarter he was paid the full amount he demanded; but contends that all the payments were on account of his salary as treasurer, and none of them, except one of $100, was on account of his services in disbursing the school moneys. On the other hand, for the defendant it is contended that the plaintiff's salary as treasurer was only $1,200 per annum, payable $300 quarterly; that every other quarter he was paid $400; that the extra $100 was paid him for his services in handling the school funds, and in this way he was paid $4,800 salary as treasurer and $900 for his services in disbursing the school moneys, and the $5,700 paid him was in full for all his services. In regard to the compensation he was to receive plaintiff testified as follows:

"Q. At what rate were you allowed by the county court as treasurer? What rate per annum? A. There was no rate fixed only under the statute.

"Q. Well, I mean as treasurer? A. I only put in a claim for $1,400 a year.

"Q. That was in pursuance of an understanding

between you and the members of the county court? A. I don't know as there was any understanding, except the bills when they allowed them.

"By the Court: At that rate of $1,400 a year? A. That is what I put in. That is all I asked for. . . .

"Q. You made out your claim at the rate of $1,400 a year? A. Yes, sir.

"Q. And they were paid? A. Yes, sir. . . .

"Q. How would you make out your claim for quarterly salary? A. I would put it in as salary as county treasurer, with the exception of that in August, 1899, $300, that was for salary and $100 for school funds.

"Q. That was in August, 1899, you were paid this $100 on account of your handling the school money? A. Yes, sir.

"Q. Was that included in your claim, your account you presented and filed there as treasurer, that $100, did you ask for that in your account, or how was it paid? Did you include that in your account? A. Yes, sir; I worded that as to the school funds and salary separately.

"Q. That $100 run up to what date, the way you worded it? A. What do you mean by that?

"Q. You say you were paid $100 on account of your services for handling the school money. Did that $100 intend or purport to cover your services up to any particular date? A. I aimed for it to cover it up to the first of July.

"Q. Of the first year of your incumbency of the office? A. Yes, sir.

"Q. Your idea was you ought to have about $200 a year for your services for handling this school money, outside of your regular salary as treasurer? A. No, not just that. I made a rough estimate of it and it was a big job and I made a rough estimate of it and figured for the first half year, right around that point, and after that I saw that would not cover one-half of

one per cent. I aimed to make it cover the one-half of one per cent.

"Q. You also intended this one hundred dollars you received to cover your services as custodian of the school money up to July first of that year, 1899? A. Yes, sir.

"Q. And you accepted that one hundred dollars with that idea — it settled for your services as custodian of the school money up to July first, 1899? A. Yes, sir; I think it just about covered one-half of one per cent up to that time. . . .

"Q. You understood all the time of your incumbency of the office. that your salary as county treasurer was fixed at $1,400 — you understood that, didn't you? A: I thought I would get the $1,400 and commission on two of the things — on the school and the township funds."

The claim for quarterly salary presented in August, 1899, to which the plaintiff refers, was as follows:

"Bowling Green, August first, 1899.

"Pike County, Missouri, Dr. to R. B. Sanderson on salary $300. To R. B. Sanderson for stamps, and express and cards, $8.15. To R. B. Sanderson one-half year's school salary, $100 — total, $408.15."

On this claim he was paid $400 for his services as therein demanded. The next quarter he was paid $300, the next after that $400, and thereafter, thus alternating, he was paid to the end of his last term. After his last term had expired and he had made final settlement of his account, he then for the first time made a demand for additional pay for disbursing the school moneys, which the county court refusing, this suit was brought.

The most that can be said for the plaintiff's evidence is that while it may have tended to prove that it was his expectation that he would be paid $1,400 per annum salary and one-half of one per cent on the

amount of school moneys disbursed by him, it did not tend to prove that such was the understanding of the county court. But in the view we take of this case, the evidence need not be dwelt upon.

The case was tried before the court, who declared the law of the case as follows:

"The court sitting as a jury declares the law to be that if the court believes from the evidence in the cause that the different payments made by the defendant county by and through its county court to the plaintiff as shown in evidence did not embrace and include compensation for his services rendered in disbursing the school moneys, then the plaintiff is entitled to recover a reasonable amount therefor, not exceeding one-half of one per cent of the amount disbursed."

By section 6807, article 4, chapter 97, Revised Statutes 1899, entitled "County Treasurers and County Warrants," it is provided that "unless otherwise provided by law, the county court shall allow the treasurer for his services under this article such compensation as may be deemed just and reasonable, and cause warrants to be drawn therefor," and by section 9849, article 1, chapter 154, Revised Statutes 1899, entitled "Schools," it is provided that "the county treasurer shall be allowed such compensation for his services as the county court may deem advisable, not to exceed one-half of one per cent of all school moneys disbursed by him, and to be paid out of the county treasury."

It will thus be seen that the Legislature has vested in the county court the power to fix the compensation of the treasurer for his general services and for his services in disbursing the school moneys of the county. With this discretion neither this court nor the circuit court has any right to interfere. The county court is a court of record, and its acts and proceedings can only be known by its record. A contract with such court cannot be established by parol evidence. [Maupin v. Franklin Co., 67 Mo. 327; Dennison v. County of St.

Louis, 33 Mo. 168.] No record of the county court was produced on the trial of this cause fixing the treasurer's compensation under either of the foregoing sections of the statute. It is well-settled law in this State that the right to compensation for the discharge of official duties is purely a creature of the statute, and that the statute which is claimed to confer that right must be strictly construed. The right of a public officer to compensation is derived from the statute, and he is entitled to none for services he may perform as such officer, unless the statute gives it. [State ex rel. v. Adams, 172 Mo. 1-7; Jackson County v. Stone, 168 Mo. 577; State ex rel. v. Walbridge, 153 Mo. 194; State ex rel. v. Brown, 146 Mo. 401; State ex rel. v. Wofford, 116 Mo. 220; Givens v. Daviess Co., 107 Mo. 603; Williams v. Chariton Co., 85 Mo. 645; Gammon v. Lafayette Co., 76 Mo. 675.]

Such compensation is not the creature of contract nor dependent upon the fact, or value of services actually rendered (State ex rel. v. Walbridge, supra, and authorities cited on pp. 203 and 204), and cannot be recovered upon *quantum meruit*. [Wolcott v. Lawrence Co., 26 Mo. 272, and cases supra.]

This suit was brought upon the theory that under the provisions of section 9849, supra, the plaintiff was entitled to "one-half of one per cent of all school moneys disbursed by him," when, in fact, he was only entitled "to such compensation for his services as the county court may deem advisable," not exceeding that amount.

There was no legal evidence tending to prove that the county court deemed it advisable to pay him for such services any more than they did in fact pay him.

The circuit court by its finding and judgment charged the county for the value of his services upon an implied contract and upon the exceedingly doubtful weight of the parol evidence, when such a contract, either express or implied, could not be established by

such evidence, as abundantly appears by the cases cited.

The judgment of the circuit court has no legal evidence to support it, and is therefore reversed.

All concur.