## MEDLIN *vs.* PLATTE COUNTY.

1. A., as principal, and J. and M., as securities, executed their note to Platte county, for money borrowed. It appeared, upon the trial, that the name of J., one of the securities, had been erased from the note, and M., the other security, offered to prove that the County Court of that county, while in session, *verbally* ordered the name of J. to be erased, without the consent of M. *Held:* That this evidence was inadmissible; that the records of the County Court are the evidence of their official acts; and that all orders not entered on record, are extra-judicial and void.

2. There is a distinction between the *alteration* and the *spoliation* of an instrument, as to the legal consequences. The first is usually applied to the act of the party entitled under the instrument, and imputes some fraud or design, on his part, to change its effect; the other refers to the unauthorized act of a stranger, and does not change the legal operation of the writing, so long as the original remains legible, and, if it be a deed, any trace remains of the seal.

### APPEAL from Platte Circuit Court.

Jones *and* Leonard, *for Appellant.*

POINTS AND AUTHORITIES.

1. That the erasure of the name of Johnston from the note, after its execution and delivery to plaintiff, without the knowledge and consent of Medlin, renders the note void, and discharges him from the payment thereof, even though the erasure was made by a stranger, or any other person whomsoever, except it was done by Medlin, and that no action can be brought upon it even in the hands of an innocent holder for valuable consideration.—1 Peters' U. S. C. C. Rep., 560; 6 Mass. Rep., 32; 4 A. C. Law, 278; 5 Monroe's Rep., 32; 1 Wheaton's Selwyn, 547, note 1, 549, top-paging; 4 Durn. and East's Rep., 320; Trin. term, 31 George III., 3 Esp., 57, 246; 4 East, 203; 15 East, 29; 1 Com., 72; 3 Yates, 391; 10 Serg. and Rawle, 428; 6 Serg. and Rawle, 361; 1 Wheaton's Selwyn,

316, 317; 19 Johns. Rep., 424, top-paging; Chitty on Bills, 203, *b*, note U., 9th American, from 8th London, edit.; 4 Term Rep., 320; 5 Term Rep., 367; 2 H. Black., 141; 1 Austr., 225; S. C. Com. Dig. Fait, F. 1; 6 East, 309; 1 Mo. Rep., 312.

2. That the note was improperly admitted in evidence on the declaration. A variance, however small, in setting out the names, &c., in a bill or note, is fatal. and where the contract stated on the record is, by legal intendment, different from that proved in evidence, the variance will be fatal.—1 Chitty's Plead., 307, 308, 4th American, from 3d London, edition.

If the plaintiff is entitled to recover at all, she can only recover on the common counts, and there being none in the declaration, the note and other evidence ought to have been excluded.—Chitty on Bills, 205, 206, note E., 9th American, from 8th London, edition.

4. That the evidence offered by appellant, and rejected by the court, ought to have been admitted. The County Court is, by law, (Revised Statutes of Mo., 157, 159, part of 15th sec.,) made the general agent of the plaintiff, with full power to control her financial matters. This evidence ought to have been admitted to show the jury by whom and in what way the erasure was made.— See authorities cited as to first point.

4. That the instructions given by the court to the jury, on the part of the plaintiff, ought not to have been given. To show this, see authorities cited as to first point. The treasurer of plaintiff is, by law, (R. S. Mo., 150, art. 1, sec. 3,) made the general agent of the plaintiff, and authorized and required to receive the money due on the note. *Qui facit per alium facit per se.*

5. That the instructions asked by appellant, and refused by the court, ought to have been given. To show this, see N. H. Rep., 145; 11 Mass. Rep., 309; 4 A. C. Law, 280, and authorities cited as to first point.

6. That the verdict is against the law and the evidence.—See authorities cited as to first, second, and fifth points.

7. That the fourth count of plaintiff's declaration is insufficient in law to support the verdict of the jury. The fourth count shows no liability on the part of defendant to pay the amount of said note, and for this reason the count is defective, and the note ought not to have been admitted in evidence on it.—Muldrow *vs.* Tappan et al., 6 Mo. Rep., 276; 1 Chitty, 329.

8. That all the evidence on the part of plaintiff is illegal, and ought to have been rejected.—See authorities cited as to second point.

TOMPKINS, J., *delivered the opinion of the Court.*

The State of Missouri sued Hall Medlin and others in debt.

The action was brought on an instrument of writing by which Medlin and two others promised to pay to the State $500. There were several counts in the declaration, in some of which the plaintiff declared on the instrument of writing sued on, as a sealed instrument, and in others as an unsealed writing. The two other co-defendants being otherwise disposed of, a verdict and judgment went

Medlin vs. Platte County.

against Hall Medlin in said count, and to reverse it he appealed to this court.

The bill of exceptions shows, that the instrument of writing sued on was given to the county of Platte for so much money borrowed from it by the defendants, of whom John Allen was principal, and Stephen Johnson and Hall Medlin, the present defendant, were securities, and that Johnson's name was erased.

James H. Johnson, the first witness, introduced by the plaintiff below, states, that by request he wrote the instrument of writing sued on, and saw said Allen and Johnson sign it, and that immediately after they went to the court-house, the court being then in session; that he was treasurer of the county; that a day or two afterwards the note was handed to him by the deputy clerk, and that about a week after he gave the clerk of the County Court a receipt for said note or writing. He further states, that his recollection is not distinct, but he thinks the name of Johnson was erased from said note at the time he received it. The deputy clerk, who handed the writing to the treasurer, thought that Johnston's name was not erased when he passed said writing to James H. Johnson, the treasurer; and the treasurer, succeeding to Johnson, stated, that he never heard of the erasure of Johnson's name till he parted with the possession, and that he did not believe it was erased before he parted with it. No order was found on the records of the County Court to authorize either the loan to Allen, on the security of Johnson and Medlin, or the erasure of the name of Stephen Johnson.

John B. Collier, a witness of the defendant, stated, that when said instrument of writing was accepted by the county court of Platte county, he was a member of that court; that when the writing was handed to the court the names of the three makers were signed and affixed thereto; that he did not recollect how long, after its reception by the court, it was until the name of Johnson was erased; that no order was made accepting said Medlin and Johnson as securities for Allen, but they were received verbally by the court.

The defendant then offered to prove, by this witness, that the said County Court, whilst in session, and in open court, agreed verbally that the name of said Johnson might be erased from said note, and that it was erased accordingly by the authority of said court, without the knowledge or consent of Medlin. This testimony was rejected by the Circuit Court, and the decision of the court was excepted to.

The evidence being closed, the Circuit Court, on the motion of the plaintiff, instructed the jury, that the erasure of the name of Johnson could not release Medlin unless it were made by the order of the County Court, while in session. This is the substantial part of four instructions demanded by the plaintiff.

The defendant asked the four following instructions:—

1. That if the name of the said Johnson has been erased from said writing since the execution and delivery thereof, it is incumbent on the plaintiff to prove that it was done by accident or mistake, or by the consent of Medlin, and that in the absence of such proof they must find for Medlin.

2. That if the County Court of Platte county, whilst in session, gave leave to said Johnson, or to any other person, to erase the name of said Johnson from said writing, and that it was in pursuance of such leave erased therefrom, and that it was done without the consent of Hall Medlin, then the jury will find for said

Medlin; and that it is not necessary that the order of the court, in order to be binding on the plaintiff, should have been entered on the record book of that court, and that the same may, at any subsequent term of said court, be entered, *nunc pro tunc.*

3. That if the County Court of Platte county, whilst in session, ordered Johnson's name to be erased from the note, and the erasure was made in pursuance of such order, and without Medlin's consent, then they will find for him, said Medlin, whether that order was entered of record or not, and that it is the duty of the plaintiff to show that the alteration was not made by the plaintiff, or by any of the agents of said plaintiff.

4. That if the jury believe the name of said Johnson has been erased from said note, since its execution and delivery to the plaintiff, and that it was done either by the plaintiff, or by any other person than Medlin, and without his consent, then the note as to him is void, whether the erasure was made with or without the consent of the plaintiff. These instructions were refused, and exceptions were taken to the decision of the court.

A new trial was moved for, for several reasons, which may be resolved into one — that the court refused to give the instructions.

The defendant also moved in arrest of judgment.

Even had the defendant stood on his demurrer to the declarations, (which he withdrew,) there could have been no reason to reverse the judgment for a misjoinder. Chitty, in the first volume of his pleading, says, that debt on a bond, or other specialty, may be joined in the same action with debt on simple contract.

With regard to the instructions charged to have been erroneously given by the Circuit Court, it may be observed, that, like other bodies corporate, and also *like* persons, it will be presumed to accept whatever is for *its* interest to receive, until it in some way signifies its dissent; but it will be presumed to part with none of its rights till it has expressed its will on its records: the evidence then offered, *i.e.*, the testimony of one of the judges, to prove that the several members of that court, while in session, assented to the erasure of Johnson's name, &c., was inadmissible. The judges of the County Court could express their assent to such an act on their record only; and it will then only be in season for this court to decide whether such an entry of assent can be made *nunc pro tunc,* when such an entry shall have been made by the County Court, but no such entry being now made, this court must proceed as if it had never heard any thing of the assent of the judges in open court.

The only question remaining, then, for this Court to decide, is, whether the instrument here sued on became void in consequence of the erasure of Johnson's name.

In Greenleaf on Evidence, it is said, that the early decisions establish the general proposition, that written instruments which are altered, in the legal sense of that term, are thereby made void. The grounds of this doctrine are two-fold. The first is, that of public policy, to prevent fraud, by not permitting a man to take the chance of committing a fraud, without running any risk of losing by the event when it is detected. The other is, to insure the identity of the instrument,

and prevent the substitution of another, without the privity of the party concerned.

A distinction, however, is to be observed, between the alteration and spoliation of an instrument, as to the legal consequences. The term, alteration, is, at this day, usually applied to the act of the party entitled under the deed, or instrument, and imports some fraud or improper design on his part to change the effect. But the act of a stranger, without the participation of the party interested, is a mere spoliation or mutilation of the instrument, not changing its legal operation, so long as the original writing remains legible, and, if it be a deed, any trace of the seal remains. If, by the unlawful act of a stranger, the deed is mutilated or defaced, so that its identity is gone, the law regards the act, so far as the rights of the parties to the instrument are concerned, merely as the accidental destruction of primary evidence, compelling a resort to that which is secondary. Thus, if it be a deed, and the party would plead it, he cannot plead it with a profert, but the want of profert must be excused by an allegation that the deed, meaning its legal identity as a deed, has been accidentally, and without the fault of the party, destroyed; and whether it be a deed, or any other instrument, its original tenor must be substantially shown, and the alteration or mutilation accounted for.— See pages 600, 601.

The old doctrine, that every material alteration of a deed, even by a stranger, and without the privity of either party, avoided the deed, was strongly condemned by Story, judge, in United States *vs.* Spalding, (2 Mason, 478,) as repugnant to common sense and justice; as inflicting on an innocent party all the losses occasioned by mistake, by accident, by the wrongful acts of third persons, or by the providence of heaven; and which ought to have the support of unbroken authority, before a court of law was bound to surrender its authority to what deserved no better name than a technical quibble.— See note to the same page of Greenleaf.

Under this law, as declared in the authority cited, (and there are many others cited,) the county cannot be called on to prove the erasure of Johnson's name. The County Court, the representative of the county, has entered up no order to that effect; it has made no order even commanding its agent, the treasurer, to do so; the deputy-clerk, who delivered the writing sued on to the treasury, says, he does not believe that the erasure was made when he delivered the writing to the treasurer, Johnson, and although Johnson says he believes the name was erased when he received the instrument from the deputy-clerk, yet the treasurer, who succeeded to Johnson, testifies that the name was not erased, as he believes, when the instrument of writing passed from his hands. More satisfactory evidence could not be required from a person; but in this case the plaintiff is a body corporate, speaking by its record only, and none of its agents have authority to make such an erasure; two of those agents testify that the writing passed from them undefaced.

But if those agents ever had defaced this instrument of writing, their act could have been no other than the act of a stranger, they having no authority to do the act, and no interest in the money due by the writing. The note was, then, admissible evidence, and the judgment must be affirmed.