Judge Ryuand
delivered the opinion of the court.
This was an action of assumpsit brought by the bank of the State of Missouri against John N. Boulware, and Levy N. Boulware, counting as follows:
1st. On a note of $200 at four months, dated July 80th 1842, negotiable and payable at Bank at Palmyra.
2d. For $300, so much money lent, paid out and expended for defendant’s use.
The defendants appeared to the action, and filed six pleas as follows:
1st. Non-assumpsit.
2d. In bar to the first count of the plaintiff’s declaration—that the note named therein fell due February 25th, 1843, and that the plaintiff received in full satisfaction of the same $30 in money, and a note for $180 on William H. Boulware and Richard Boulware.
3d. In bar of said first count, further, that after the said note fell due, William H. Boulware and Richard Boulware made a note for $180 to Levy N. Boulware, who endorsed the same to the plaintiff, and also paid at same time $30 in money in full satisfaction of the said note.
4th. In bar of first count, that said note had been cancelled and destroyed by plaintiff without the consent of the defendants.
5th. In bar of the first count substantially as the second and third pleas mentioned above.
6th. In bar of the said first count, the payment of the sum of two hundred and twenty dollars in full.
The plaintiff filed demurrer to the 2d, 3d, and 4th pleas, which the ■court sustained, and took issues on the 1st and 6th pleas, and filed by leave of the court two replications to the said 5th plea, as follows:
*544 1st. Replication : That the note and money mentioned in said 5th plea as given in satisfaction of the note sued on, was not in fact given to the plaintiff in satisfaction of said note sued on.
2d. Replication : That the said note mentioned in said 5th plea was no satisfaction, because there was no consideration for the giving thereof. These replications the defendants traversed—the cause was then tried on these issues, and the jury found the issues for the plaintiff. The court refused to grant anew trial, and refused to arrest the judgment—and the defendants bring the case before this court by writ of error.
The defence in this case might have well been made under the plea of non-assumpsit; and the defendants should not have been permitted to encumber the record by their long array of pleas. However, the circuit court permitted them to take that course ; for their 5th plea contains nothing more than what had been offered in the 2d and 3d pleas. The demurrer was properly sustained to the 2d, 3d and 4th pleas, and the defendants were permitted, to have the facts which they supposed exonerated them from the payment of a just debt tried by a jury.
The evidence, as presented by the bill of exceptions, shews that the note sued on in this case was cancelled by the cashier of the hank by mistake; that it was never paid to the bank, and that the money mentioned therein is still due the bank.
The evidence fully and most satisfactorily accounts for the cancellation of the note, and places it beyond the power of the defendants to take advantage of that act of the cashier.
The court committed no error in giving the instructions as prayed by the plaintiff, and in refusing the one which it was asked to give for the defendants.
Let the judgment be affirmed.