BANK OF COMMERCE, Appellant, *v.* GUSTAVUS HOEBER, Respondent.

### December 23, 1879.

1. In case of a composition, if the debtor, professing to deal equally with all, pays to some creditors a larger percentage than the agreement calls for, this is a fraud which vitiates the composition agreement; and in such a case the creditor may recover the original indebtedness, less the amount received under the composition, without rescinding the composition agreement.

2. Where the creditor delivered up the notes at the making of the agreement, an allegation that they were taken from the plaintiff's possession by the defendant's fraud sets up sufficient excuse of profert of the notes.

3 Where a defendant has obtained possession of, defaced, and retained a note executed by him, he is estopped from objecting that the note, when sued on, is not filed with the petition.

4. An allegation of loss or destruction of a note is not inconsistent with a recovery upon the contract.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

MYERS & ARNSTEIN, for the appellants: The facts alleged in the replication invalidated the composition. In such case the doctrine of rescission of contracts does not apply. Plaintiff could retain the thirty-five per cent received by it, and still sue on the notes for the unpaid sixty-five per cent. — *Stuart* v. *Blum*, 28 Pa. 225; *Green* v. *Shriver*, 53 Pa. 259; *Hefter* v. *Cahn*, 73 Ill. 296; *Durgin* v. *Ireland*, 14 N. Y. 322; *Pierce* v. *Wood*, 23 N. H. 519; *Partridge* v. *Wesser*, 14 Gray, 180; *Crandall* v. *Cochran*,

3 N. Y. Sup. Ct. 203; *Kahn* v. *Gumberts*, 9 Ind. 430; *Reynolds* v. *French*, 8 Vt. 85; *Crossley* v. *Moore*, 7 Reporter, 149; *Ex parte Wood*, 2 Deac. & Ch. 508; *Ex parte Vere*, 1 Rose, 281; *Ex parte Gilvey*, L. R. 8 Ch. Div. 248; *Ex parte Bateson*, 1 M. D. & De G. 289. On the facts pleaded and shown, plaintiff was excused from filing the notes: (*a*) Because they were destroyed. — 2. Wag. Stats. 1022, sect. 51; *Powers* v. *Ware*, 2 Pick. 451, and authorities there cited. (*b*) Because, in their destroyed form, they were in defendant's possession. — 2 Bouv. L. Dic., tit. "Profert;" 1 Chitty's Pl. 365; Stephen's Pl. 437; *Workman* v. *Campbell*, 46 Mo. 309; *Railroad Co.* v. *Robinson*, 27 Mo. 396. (*c*) Because there was a plea of payment. — *Bailey* v. *Wallen*, 1 Overt. (Tenn.) 198.

BROADHEAD, SLAYBACK & HAEUSSLER, for the respondent: The failure to file the note sued upon is fatal to plaintiff's action. — Wag. Stats. 1022, sect. 51. The fact that the note sued on is held by a third party is no excuse for a failure to file it. Such failure to file is ground for demurrer. — *Hook* v. *Murdock*, 38 Mo. 224. The failure is a substantial defect in the declaration. — *McCormick* v. *Kenyon*, 13 Mo. 131; *Campbell* v. *Wolf*, 33 Mo. 459; *Carr* v. *Waldron*, 44 Mo. 393. When the plaintiff alleges a wrongful taking and destruction by the defendant of notes sued on, this is incompatible with a recovery upon the notes.

BAKEWELL, J., delivered the opinion of the court.

The action is for two promissory notes made by defendant to the order of plaintiff: one for $4,000, on which $1,400 has been paid; the other for $1,600, on which $560 has been paid. Plaintiff alleges that the notes have never been negotiated, but that they have been taken from his possession by the fraud of defendant, and by him destroyed, and therefore he cannot file them.

Defendant's answer denies that the notes have been de-

stroyed by defendant, but says that they were for a valuable consideration delivered up to him by plaintiff as paid and cancelled.

Plaintiff, in his replication, denies that the notes are paid, or delivered to defendant for a valuable consideration, but says that the delivery to defendant was without consideration, and obtained by fraud ; the circumstances of which are particularly set forth, to the effect that defendant made a fraudulent composition with creditors at thirty-five cents on the dollar, under which he obtained the notes sued on. This composition is alleged to be void, and of no effect as to plaintiff, on account of fraudulent preferences.

On the trial, defendant was examined on behalf of plaintiff. He testified that plaintiff held these notes at the time of the composition in question, and that defendant then received the notes from plaintiff in settlement under this composition ; that defendant, on the same day, struck out the signature from the notes, and wrote across their face, " Paid, March 13, 1878." Defendant produced the notes, which are defaced as stated. After this witness had testified further to some facts as to his failure, his indebtedness, the names of his creditors, and the amounts due them, defendant objected to the introduction of further evidence, on the ground that the replication is a departure. The court excluded all further evidence, on the objection of defendant.

Plaintiff then offered to prove the facts set out in his replication as to fraud in the composition agreement ; and also that he had, on February 11, 1878, obtained a delivery order for these notes, in a proceeding under the statute directed against defendant and a member of the firm of attorneys who represented defendant ; and that defendant and the attorney then denied that the notes were in their possession, and refused to deliver them up. Plaintiff also offered to prove that the notes, at the date of the delivery order, were in possession of the attorney named,

and that he had refused to deliver them up to the sheriff. Defendant objected to the offer of this testimony, and the objection was sustained. The court then gave an instruction that, under the pleadings and evidence, plaintiff is not entitled to recover. Plaintiff then took a nonsuit.

A composition agreement must be made with the utmost good faith on the part of the debtor. Where he professes to deal equally with all his creditors, and has a secret agreement with some or one of them, under which (as plaintiff offered to show in this case) he gives to such creditors an undue advantage, paying on their claims a percentage in excess of that named in the composition agreement signed by all — this is a fraud which vitiates the composition agreement as to the other creditors. And it seems that in such a case the creditor need not first rescind the composition agreement and return the money received under it; but may sue for and recover the full amount of the original indebtedness, less the amount received under the composition agreement. *Hefter* v. *Cahn*, 73 Ill. 296 ; *Durgin* v. *Ireland*, 14 N. Y. 322 ; 53 Pa. St. 259 ; *Forsyth* v. *Camp*, Law Lib. Ed. 23. And it is expressly determined that when the creditor delivered up the notes held by him to the debtor, at the making of such an agreement, which was afterwards avoided on the ground of fraud, he may recover the balance due by declaring on the notes. *Stuart* v. *Blum*, 28 Pa. St. 225.

The Practice Act requires (Wag. Stats. 1022, sect. 51) that when any pleading is founded on any instrument of writing charged to have been executed by the other party, and not alleged to be lost or destroyed, the instrument shall be filed with the pleading. Where the writing is lost or destroyed, the instrument need not be filed; but the party may maintain his action upon it, alleging the loss or destruction as an excuse. Id., sect. 50.

In *Hook* v. *Murdock*, 38 Mo. 224, it is held that an allegation that the note is held wrongfully by a third party

is no excuse for non-compliance with this statutory provision. The plaintiff, it is there said, should not be permitted to recover on secondary evidence where primary evidence is attainable ; and one sued on a note has a right to insist that the plaintiff, by production of the note itself, if it can be had, shall make it clear that the defendant's liability is only to him. This reasoning has no application in the present case, where the defendant in his answer admits the execution of the notes, produces them from his own possession on the trial, and pleads accord and satisfaction. In *Workman* v. *Campbell*, 46 Mo. 309, where the action was founded upon a subscription-paper signed by forty subscribers, and the action was against one of the subscribers alone, it was held that it would be an unreasonable construction to apply the letter of the statute to such a case, which was clearly not contemplated by the framers of the act.

But, if it would be unreasonable to hold the pleader to a literal compliance with the terms of the act in the case of a subscription-paper, it would seem much more unreasonable to hold that plaintiff cannot recover on his notes unlawfully taken from his possession by defendant, and produced in court on the trial by defendant himself, simply because he has not alleged they were lost, though he has alleged that they were fradulently taken from him by defendant, and by defendant unjustly detained and destroyed. Such is not the intention of the law-maker, or the meaning of the law. It would be a mockery of justice to allow defendant, under such circumstances, to object that the action is upon a note not alleged to be lost, and shown by its production in court not to be destroyed. At common law it was sufficient that an allegation of this nature be true at the time of declaring ; and if the deed were afterwards found, it did not vitiate the allegation. The excuses of profert at common law were, that the deed was lost, casually destroyed, or in the possession of defendant. 2 Chitty's Pl. 197.

Whether the defacing of the notes by marking them paid, and striking out the signature, was such a destruction of the note, *qua* note, as to satisfy the allegations of the petition in this case and the provisions of the statute, we need not inquire. The defendant having unlawfully obtained possession of the note, and retained and defaced it, is conclusively estopped from making the objection that the note is not filed with the petition.

There is nothing in the objection of the respondent that the allegation of loss or destruction of the note is inconsistent with a recovery upon it. The statute is express, that an action may be maintained on any instrument of writing, notwithstanding it may be destroyed or lost. And, independently of the statute, an action might be maintained on a lost note which had not been negotiated at the time of the loss. *Branch Bank* v. *Tillman*, 12 Ala. 214; 2 Greenl. on Ev., sect. 156.

The spoliation or mutilation of a written instrument by one not entitled under it, and without the participation of the party interested, has never been held to render the instrument void, or to change its legal operation at all, if the original writing remained legible. But if the written instrument is so mutilated or defaced as to destroy its identity, and this is the unlawful act of one not entitled under the instrument, this is regarded by law, so far as those who claim under the instrument are concerned, merely as an accidental destruction of primary evidence, which authorizes a resort to secondary testimony. "Then," says Judge Tompkins, in *Medlin* v. *Platte County*, 8 Mo. 239, "if it be a deed, and the party would plead it, he cannot plead it with a profert, but the want of profert must be excused by an allegation that the deed — meaning its legal identity as a deed — has been accidentally, and without the fault of the party, destroyed; and, whether a deed or any other instrument, its original tenor must be substantially shown, and the alteration or mutilation accounted for." Where the cashier of a bank, through mistake, cancels a note executed

to the bank, it does not affect the right of the bank to re-cover. *Boulware* v. *Bank*, 12 Mo. 542. And if the maker of a note fraudulently obtains possession of the note from the legal holder, and mutilates or destroys the note, he does not, by so doing, do away with his contract, but merely destroys one mode of proving an agreement which should be proved by the writing itself whilst the writing exists.

The Circuit Court erred in excluding evidence and in taking the case from the jury. The judgment is reversed and the cause remanded. All the judges concur.