BANK OF COMMERCE, Respondent, *v.* GUSTAVUS HOEBER, Appellant.

### February 28, 1882.

A composition agreement which one creditor, without the knowledge of the debtor or other creditors, is induced to sign by the promise of a third person to pay him an additional sum, is void.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*

BROADHEAD, SLAYBACK & HAEUSSLER, for the appellant :
The unauthorized interference of a stranger, without the
knowledge or consent of the debtor, did not render the
composition agreement void. — *Babcock* v. *Dill*, 43 Barb.
577.   The court below erred in assuming that the defend-
ant was responsible for the unknown and unauthorized
promise made by Dickson to Levy & Bro.   The promise
itself was a nullity.   It was void. — *Lawrence* v. *Clark*, 36
N. Y. 128 ; *Carroll* v. *Shields*, 4 E. D. Smith, 466.

ALBERT ARNSTEIN, for the respondent : The composition
having been signed with a secret promise of preference, is
fraudulent and void. — *Bank of Commerce* v. *Hoeber*, 8
Mo. App. 171 ; *Bastian* v. *Dreyer*, 7 Mo. App. 332 ; *Cran-
dall* v. *Cochran*, 3 N. Y. Superior Ct. 203 ; *Hefter* v.
*Caher*, 73 Ill. 296 ; *Page* v. *Bent*, 2 Metc. 375 ; *Frost* v.
*Gage*, 6 Allen, 50 ; *Case* v. *Gerrish*, 15 Peck, 50 ; *Forsyth
on Comp.* *27.   The fact that the preference was given by
a third person, and unknown to the debtor, does not relieve
the composition of its fraudulent feature. — *Breck* v. *Cole*,
4 Sandf. 83 ; *Solinger* v. *Earle*, 82 N. Y. 393 ; *In re Whit-
ney*, 14 Nat. Bank. Reg. 1 ; *Knight* v. *Hunt*, 5 Bing. 432 ;
*Bradshaw* v. *Bradshaw*, 6 Mee. & W. 29 ; *In re Sawyer*,
14 Nat. Bank. Reg. 241.

THOMPSON, J., delivered the opinion of the court.

The facts of this case, so far as need be stated, were as
follows : In 1878, the defendant failed in business, and pro-
posed to compound with his creditors at thirty-five cents
in the dollar.   He employed an attorney to visit his cred-
itors and negotiate for this composition, empowering him
not to offer more than thirty-five per cent.   Among these
creditors was the firm of James Levy & Bro., of Cincinnati,
who refused to take less than fifty cents in the dollar.  The
plaintiff's attorney told them that he had no authority from

his client to offer more than thirty-five cents, but that, in order to induce them to sign the composition agreement, he would give them his individual obligation in writing, to pay them an additional fifteen per cent. They agreed to this, and signed the agreement, by which all the creditors purported to release their respective demands against the defendant upon payment of thirty-five per cent thereof. The other creditors, among them the plaintiff, afterwards signed the agreement. The defendant paid thirty-five cents in the dollar to all his creditors, in pursuance of the terms of the agreement, and took the same form of release from each one. Four days after he had paid James Levy & Bro. the thirty-five per cent of his indebtedness to them, in pursuance of the composition agreement, a draft drawn by them upon his attorney, in pursuance of the agreement between them and the attorney, was paid by the latter. Treating the defendant as having proved what the circuit court refused to allow him to prove, it must be taken, for the purposes of this decision, that the defendant had no knowledge that his attorney had made this secret arrangement with James Levy & Bro., until after the composition agreement had been signed by all the creditors, and he had made payment to them in pursuance of its terms; that he never authorized the making of this secret agreement; that he repudiated it as soon as it came to his knowledge, and refused, and still refuses, to repay to his attorney the money paid by him under it. It must also be conceded, for the purposes of this decision, that, in effecting the composition settlement, the defendant's attorney was acting in pursuance of a special authority; that James Levy & Bro. had distinct notice of the limits of his authority; that in making this agreement with them for the payment of the additional fifteen per cent, he was acting outside the limits of his authority, as they well knew; that in so acting he was not acting as the defendant's agent, but was acting officiously, and that his act was no more binding upon the

defendant than the act of a mere stranger in the premises would have been.   It must also be conceded that the defendant is wholly innocent of practising any fraud or deception upon his creditors with reference to this matter.

After the plaintiffs had signed the composition agreement, had received from the defendant thirty-five per centum of what was due upon two notes of the defendant which they held, surrendering these notes to the defendant and giving him a release of the full indebtedness which they represented, it came to their knowledge that the defendant's attorney had given this secret *bonus* to James Levy & Bro. They thereupon brought the present action for the indebtedness represented by these notes above the thirty-five per cent paid under the composition agreement.    The case was before this court at a former term (8 Mo. App. 171), and this court held that the action was well brought.

We have now to consider the question arising upon the facts developed in the evidence as already set out ; and the question is, whether, upon these facts, there can be any recovery.    In other words, the question is, — and we state it most strongly for the defendant, and concede all the conclusions of fact which we understand his counsel to claim, — whether a composition agreement between a debtor and all his creditors is rendered void by the fact that one of the creditors was induced to sign the agreement by the officious act of a third person in agreeing to pay him a sum of money in addition to that which he was to receive under the composition agreement, which agreement with the third person was concealed from the other creditors until after the composition agreement had been signed and the settlement made by it fully executed, and of which act of the officious intermeddler and the particular creditor the debtor was and is wholly innocent.    We are of opinion that it is.

Ordinarily, an agreement between a creditor and his debtor, whereby the former agrees to accept a part of what is due him in payment of the whole, is an agreement with-

out consideration, and will not estop the creditor from afterwards suing and recovering the unpaid balance. *Cumber* v. *Wane*, Strange, 426. An exception to this rule arises where a creditor agrees to accept a certain percentage of his debt in discharge of the whole, in consideration of all the other creditors of the debtor doing the same. Such an agreement is not merely an agreement between each creditor and the common debtor; it is also an agreement among all the creditors who sign the composition agreement. *Solinger* v. *Earle*, 82 N. Y. 393, 396; *Sage* v. *Valentine*, 23 Minn. 102; *Breck* v. *Cole*, 4 Sandf. S. C. 79, 83. The consideration which supports it is that each creditor gets the percentage of his debt, the security, or other benefit which is stipulated for on the face of the paper, and no more. *Ibid.;* 1 Smith's Ld. Cas. *443. Such an agreement requires the utmost good faith; and if any one of the creditors who signs it gets, as the price of signing it, a greater proportion of his debt, or a greater or better security, or any direct or collateral advantage which the others do not get, without the knowledge of the others, this avoids the agreement, and any one of the creditors may sue for and recover of the debtor so much of his debt as remains unpaid. This is what was decided when this case was here before. *Bank of Commerce* v. *Hoeber*, 8 Mo. App. 171.

Where one of the creditors gets, as a price of signing the agreement, a preference over the other creditors, it is immaterial whether he gets it from the debtor or from a third person, or whether he gets it with the knowledge of the debtor, or whether the debtor is wholly innocent of it. By receiving such a preference, *he* commits a fraud on the other creditors; and the case falls within the principle that where a party to a contract conceals or misrepresents a material matter which forms the whole or a part of the inducement upon which the other contracting parties enter into the contract, this avoids the contract. *Pulsford* v.

*Richards*, 22 L. J. (Ch.) 559; *s. c.* 19 Eng. L. & Eq. 387. It is a misrepresentation or concealment *dans locum contractui* — as to the thing which gave occasion to the contract; therefore it avoids the contract. The creditors who sign such an agreement act, in a measure, upon the faith of each other's judgment, and they suppose, and rightfully suppose, that the judgment of each of the other creditors is influenced by the same considerations which influence their own judgment; and they are cheated by any creditor who is influenced by the motive of a benefit in which they do not share, and the knowledge of which is concealed from them. "If," said Best, C. J., "I see a man, acquainted with the circumstances of the debtor, agreeing to sign a paper under which he is to be satisfied with ten shillings in the pound, I conclude he has exercised a judgment upon the subject. Am I not cheated, if he procures another to give him ten shillings more?" *Knight* v. *Hunt*, 5 Bing. 432.

"A composition agreement," says the court of appeals of New York, in a late case, " is an agreement as well between the creditors themselves, as between the creditors and their debtor. Each creditor agrees to receive the sum fixed by the agreement in full of his debt. The signing of the agreement by one creditor is often an inducement to the others to unite in it. If the composition provides for a *pro rata* payment to all the creditors, a secret agreement by which a *friend of the debtor* undertakes to pay to one of the creditors more than his *pro rata* share, to induce him to unite in the composition, is as much a fraud upon the other creditors as if the agreement was directly between the debtor and such creditor. It violates the principle of equity, and the mutual confidence as between creditors upon which the agreement is based, and diminishes the motive of the creditor who is a party to the secret agreement, to act in view of the common interest in making the composition. Fair dealing and common honesty condemn such a transaction." *Solinger* v.

*Earle*, 82 N. Y. 393, 396. Similar language was used by Duer, J., in *Breck* v. *Cole*, 4 Sandf. S. C. 79, 83.

These principles have been constantly acted upon and applied in various ways. That the signature of one creditor to such an agreement has been obtained by a secret payment of money has, as was well said by an eminent judge of a federal court, " always been held to be a fraud on creditors, independently of any clause in a statute, and without regard to who has made this payment." Lowell, J., in *Re Whitney*, 14 Nat. Bank. Reg. 3. Accordingly, under the English law, when the certificate of discharge of a bankrupt required the consent of his creditors, it was held to have been obtained by fraud, if any one, even without the knowledge of the bankrupt, paid money to induce a creditor to sign it. *Robson* v. *Caze*, Dougl. 216 ; *Holland* v. *Palmer*, 1 Bos. & Pul. 95. The latter case is entirely like this in principle, and substantially like it in its facts. A bankrupt's brother-in-law, without his knowledge or privity, had paid ten guineas to one of his creditors to induce him to sign the certificate of the bankrupt's discharge. It was held that this avoided the discharge, and a creditor recovered judgment upon a demand which would have been barred by the discharge, if it had been good, just as the plaintiff is. endeavoring to recover here. This principle was acted upon by Lowell, J., where the brother of a bankrupt purchased a claim against his estate without his knowledge, and with no motive which could be conceived of, except to benefit the bankrupt, and this was held to bar a discharge to which this creditor had consented. *Re Whitney*, 14 Nat. Bank. Reg. 1. It was acted upon by the same learned judge in another case, where two creditors had signed a composition agreement, one of them on the promise of a secret collateral benefit, and the other after having been paid something not to oppose it, of all of which the bankrupt, so far as the evidence showed, knew nothing. *Re*

*Sawyer*, 14 Nat. Bank. Reg. 241. No doubt the list of concurring authorities might be further extended.

It may be admitted that none of the foregoing cases is precisely like this in all its facts ; but, as was said by Best, C. J., in a case of this kind : "As no two cases are ever alike in all respects, the best way is, to extract a principle from analogous decisions ; and the principle to be extracted from all the cases on this subject is, that a man who enters into an agreement of this kind is not to be deceived." *Knight* v. *Hunt*, 5 Bing. 432, 434. In that case the debtor himself had practised no deception ; but his brother had spontaneously given a gratuity to a particular creditor for signing the composition agreement, and it was therefore held that this creditor could not recover upon a promissory note for the amount which was to be paid to him under the composition agreement.

We are referred to the case of *Babcock* v. *Dill* (43 Barb. 577), as opposed to the conclusion at which we have arrived. Without distinguishing that case upon its facts, which were peculiar and essentially different from these, and which, we could point out, would bring it within an entirely different principle, we shall merely say, that if it goes to any extent against the current of decisions which we have cited, we decline to follow it.

It is said that this view of the law works a hardship upon the defendant, who is innocent of any wrong. The answer is, that it is no hardship for a man to be compelled to pay his honest debts in full, though it may be hard for him to do it. He agreed to do it when he contracted the debts, and he stands under a continual moral obligation to do it, until he has done it. It is a greater hardship for his creditors to be compelled to take a part of what is due them in discharge of the whole ; and the law ought not to compel them to do this, except upon a mutual agreement, entirely open and fair, in which each one gets what the agreement purports to give him, and no more.

We need not go in detail into the rulings of the circuit court in rejecting evidence, and in instructing the jury. If we are right in these conclusions, those rulings were, all of them, correct, or, at least, not harmful to the defendant. The judgment is therefore affirmed. Judge BAKEWELL concurs ; Judge LEWIS is absent.