C. F. LUEHRMANN, Appellant, v. ST. LOUIS FURNITURE COMPANY, Respondent.

St. Louis Court of Appeals, April 6, 1886.

1. CONTRACTS—CONDITION PRECEDENT—DEBTOR AND CREDITOR—COMPOSITION AGREEMENT—SECRET PREFERENCE.—A valid settlement with other creditors at a sum not exceeding fifty per cent. is a condition precedent to the validity of a contract under which a creditor of a corporation agrees to accept its capital stock in payment of his debt, provided it settle with all its other creditors at fifty per cent. of their claims.

2. —— In such a case it is immaterial whether certain creditors receive more than fifty per cent. of their claims, provided the aggregate amount paid or to be paid in discharge of the corporation, does not exceed fifty per cent. of its aggregate indebtedness.

3. —— A settlement by a corporation with a part of its creditors, in such a case, on a basis of more than fifty per cent. of the whole indebtedness, avoids the settlement as to all non-consenting creditors, even though the corporation has not consented thereto and has no knowledge thereof.

4. —— A composition agreement is rendered void as to non-consenting creditors, by the secret preference of one creditor over the others, although such preference may have been obtained without the common debtor's connivance or knowledge.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Reversed and remanded.*

C. A. Schnake, for the appellant.

Henry W. Bond, for the respondent.

Rombauer, J., delivered the opinion of the court.

The plaintiff sued the defendant on six promissory notes aggregating $1,852.86, and an open account of three hundred dollars. The answer of the defendant admits the original liability, but claims that the plaintiff had contracted and agreed with the defendant to take, in full accord and satisfaction of the debt, seventy-five cents on the dollar, in full paid certificates of stock of the defendant company; that the defendant had tendered said stock to the plaintiff, but the plaintiff had refused to receive it, and subsequently seized all the stock of the defendant by attachment. That the stock which was thus agreed to be issued was now in the plaintiff's possession, whereby said debt was fully discharged.

The plaintiff replied to this answer stating: *First.* That the alleged contract or agreement was, by mutual consent, abandoned and rescinded before the stock mentioned was issued, or tendered to him, or attached by him. *Second.* That the agreement to take the stock was made by him on condition that the Rubleman Hardware Company, one of the defendant's creditors, would take the stock of the defendant company at par, to an amount equal to its claim, and in full payment thereof, and would, also, release a mortgage which it held on the defendant's property, and on further condition *that the defendant would settle with its other creditors at fifty cents on the dollar.* That these were conditions precedent and were not fulfilled by the defendant. *Third.* That the contract of accord and satisfaction relied on by the defendant, was brought about by the fraud, covin, and misrepresentations of the defendant, that its stock was

practically worthless, and that no tender of the stock was made to the defendant until after the institution of this suit, and that such tender was not made in good faith.

Upon these pleadings the cause was tried and resulted in favor of the defendant.

This was the second trial of the cause, and the second verdict in favor of the defendant, and in consequence the trial court refused to vacate the verdict on the ground that it was against the weight of the evidence.

The defendant gave testimony to support the defence and the plaintiff gave evidence in support of his reply tending to substantiate the facts avoiding such defence. On many points the testimony was irreconcilable. Concerning certain facts, however, there was no controversy. These facts, as far as they have any bearing on the instructions complained of by the appellants, are:

*First.* That the plaintiff executed the following agreement:

"St. Louis, May 29, 1882.

"If creditors agree to take settlement of fifty per cent., offered by St. Louis Furniture Company, I agree to take seventy-five per cent. for my claim in paid up stock, provided Rubleman releases mortgage and takes the whole amount in stock at par.

"C. F. LUEHRMANN.
"I also agree to the above.        G. H. GREVE."

*Second.* That afterwards at a creditors' meeting, at which the plaintiff was present, a paper was drawn up, wherein all creditors, with the exception of Luehrmann and Greve, agreed to take thirty-seven and one-half cents on the dollar in full satisfaction of their claims, and Rubleman agreed to take his entire claim against the company in stock at par. In consideration of this composition, Rubleman who appears to have been the largest creditor of the company, agreed to guarantee the payment of these thirty-seven and one-half cents. The composition paper drawn up gave to the signers an option to take either seventy-five cents in stock of the debtor company or thirty-seven and one-half cents in cash, but

creditors signing all signified their intention to take the cash.

*Third.* That Rubleman was ready and willing and offered to the plaintiff to release the mortgage and did pay the sums which he had guaranteed to pay by the composition agreement.

*Fourth.* That two of the defendant's creditors, whose claims aggregated $618.47, were paid in full. That they either were paid sixty-two and one-half per cent. of the face of their claims before they signed, or signed it only upon an assurance that they would be paid in full. That the difference between thirty-seven and one-half and one hundred was paid to these two creditors, by friends of the debtor company, but whether paid with the defendant's consent or not the testimony left in doubt. The statement of the uncontroverted testimony, as herein contained, is as favorable to the defendant as the testimony contained in the transcript will admit.

It will thus be seen that the plaintiff's *prima facie* case was conceded, and the court so instructed the jury. It will be further seen that the defendant was entitled to a verdict only by proof of a full compliance on its part with all the conditions which furnished the consideration of the plaintiff's promise to take in full payment of his claim seventy-five per cent. in full paid stock of the company. One of these conditions was that the defendant company would effect a valid composition with all its creditors, excepting the plaintiff Rubleman and Greve, at a figure not exceeding fifty per cent. of their claims. This fact the court also recognized in its instructions, and in substance so instructed the jury. As to the fact, however, what circumstances would render the composition between the defendant and its creditors invalid, the court, in our opinion, clearly misdirected the jury.

It is apparent that one of the main elements of the plaintiff's promise to take seventy-five per cent. in stock was the consideration of a valid composition with the defendant's creditors. That stock, even if such composi-

tion was effected, was presumably not worth more than fifty cents on the dollar, and if not effected was probably wholly worthless. On this branch of the case, the plaintiff requested the court to instruct the jury as follows :

"7. The court instructs the jury that if they find from the evidence, that the signatures of Clarkson, Christopher & Co., or Berthold and Jennings, were procured on the instrument introduced in evidence, on a secret agreement, that more than thirty-seven and one-half per cent. on their claims, both or either, should be paid, and that thereafter, and thereupon, either or both were thus paid in a sum exceeding thirty-seven and one-half per cent., and because thereof signed said instrument, and that said payments, both or either, were made by the defendant at its request, or to its use, and without the knowledge of the plaintiff, then they will find for the plaintiff, and the burden of proof to show such knowledge by the plaintiff is upon the defendant."

This instruction, under the authority of *The Bank of Commerce v. Hoeber* (11 Mo. App. 478), the opinion in which case has been literally affirmed by the supreme court states a correct proposition of law. If anything it was more favorable to the defendant than the principles governing the law of compositions would warrant. The question raised by the instruction has been so fully and ably discussed in the exhaustive opinion of Judge Thompson in that case that a reference to it is all that is deemed necessary to show that the instruction asked by the plaintiff should have been given. The court refused to give the instruction thus asked, but gave it in a modified form by inserting the words *"with"* and *"with its consent."* The jury were thus told by the court, in effect, that the secret agreement made with Clarkson, Christopher & Co., and Berthold and Jennings, to pay them more than thirty-seven and one-half per cent. of their claims, as an inducement to make them join in the composition, would not vitiate the composition unless made *"with, or on behalf of defendant and with its consent."* Such is not the law.

As the case has been twice tried, with the same result, we are loth to disturb the judgment if it can be supported in conformity with any just rules of law. With that view we have examined the question carefully whether the ruling of the court on this instruction was necessarily prejudicial to the plaintiff. We are willing to concede that all that the plaintiff had a right to demand was that the defendant should not settle with its creditors, other than Rubleman, Greve, and himself, on a basis in excess of fifty per cent. of their aggregate claims. We are further willing to concede that it was immaterial to the plaintiff whether the defendant paid to any of its creditors more than fifty per cent., provided the aggregate amount paid, or agreed to be paid by the defendant in full satisfaction of all its liabilities, except the three above named, did not exceed fifty per cent. of such liability, and provided, further, that by such payment or agreement to pay, the defendant obtained a valid discharge. But conceding all this, the question still remains, that if the defendant, or any one to the defendant's use, *with or without its consent*, paid more to any of its creditors, or agreed to pay more than thirty-seven and one-half per cent., to induce them to sign the composition agreement, the composition itself was voidable, not only as far as the plaintiff is concerned, but as far, also, as any other creditor is concerned who had no knowledge of the secret agreement.

If the composition was voidable as to all such creditors, their claims were never extinguished, whether they received thirty-seven and one-half per cent. or not. The defendant still remained liable to them for the balance of their claims, and the main consideration upon which the plaintiff himslf agreed to compound his own claim by taking seventy-five per cent. thereof, in full paid stock of the company, has failed.

It follows, from the foregoing, that on any view of the case, the refusal of the plaintiff's instruction, and the substitution of the instruction of the court in its stead, was necessarily prejudicial to the plaintiff. For this rea-

son the judgment of the trial court must be reversed and the cause remanded. All the judges concurring, it is so ordered.

LEWIS, P. J., delivered the opinion of the court on motion for re-hearing.

An order was made by this court of its own motion, directing a re-hearing upon the single question, whether the supreme court had, by its last opinion in the case of *The Bank of Commerce v. Hoeber*, ruled adversely to our conclusion in the present case? We have received and carefully examined a certified copy of that opinion, and do not find in it anything which conflicts with our views heretofore declared in this cause. The supreme court in its last decision (which was upon a motion for a re-hearing), finds that Mr. Dickson was an agent for Hoeber in effecting a composition with his creditors. That, upon finding that one creditor would not agree to a composition on the basis of thirty-five cents on the dollar, the agent agreed individually, to pay him an additional amount of 15 per cent. on his demand. This agreement was kept secret from the other creditors, and was not known to the debtor himself, until after the composition was signed. The supreme court declared the composition void, as against the plaintiff in the suit, but based its decision in the most emphatic terms on the fact that the knowledge of the agent was the knowledge of the principal; and although the debtor personally knew nothing of the agreement with the favored creditor, and endeavored to repudiate it when it came to his knowledge, yet he was bound to all the consequences of his agent's knowledge, in like manner as if it had been his own. That this constructive knowledge of the debtor made it conclusive that the composition was void against creditors who had signed it in the belief that all were to share alike. The court, while affirming the conclusion of this court, in the same case, put their decision on a ground different from that which we had emphasized. (11 Mo. App. 475). But it is quite as clear that the grounds of our decision were not overruled. We held that, whether or not the unfair

preference was known or consented to by the debtor, the effect would be the same. As to this proposition, the following language was used by the supreme court:

"As already intimated, Mr. Dickson, in our judgment, held a different relation under the law to the transaction and the parties to this action, from that of an entire stranger, or a mere volunteer third party, or intermeddler, and, for this reason, we do not now feel called upon or required to pass upon the question, whether a debtor, though entirely honest and fair with all his creditors, may be deprived of his composition, solely upon the ground of inequality among his creditors, wholly irrespective of law, or by whom that inequality was brought about. Such a case is not now before us, and it will be time enough to decide it when it arises."

This leaves the basis of our judgment wholly undisturbed. The supreme court finds that there are more satisfactory grounds than ours for the same conclusion, and so adopts the latter in preference. We are not told that we have held wrongly, but only that we might have given better reasons for our holding. We know of no judicial presumption that, when an appellate court affirms a judgment on grounds other than those adopted by the inferior tribunal, this amounts to a reversal of the court appealed from.

Accordingly, we think that our opinion, heretofore delivered in this cause, has not been impeached by our superior in judicial authority. We see no reason why the non-preferred creditor's rights should be held less sacred than those of the debtor. We are still convinced that the overwhelming current of judicial precedent, bearing along with it the irresistible conclusions of just reasoning, sustains the views declared by us in *The Bank of Commerce v. Hoeber*, and in the present case. We do not feel called upon to consider other questions, none of which were included in the present submission.

A re-hearing of the cause is denied, and the judgment heretofore rendered will remain as the final judgment of this court. The other judges concur.