G. A. BANNANTINE, Appellant, v. J. J. CANTEWLL, Respondent.

St. Louis Court of Appeals, November 8, 1887.

CONTRACT—COMPOSITION—GUARANTY.—An agreement to guarantee the payment of a certain sum upon the accomplishment of a compromise settlement between a debtor and his creditors, is without consideration where the composition is voidable because of a secret preference of one creditor.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

W. B. THOMPSON, for the appellant : The consideration was sufficient and there was no rescission of the contract. *Bean v. Brookmire,* 2 Dill. 108; *Miller v. Goldsmith,* 47 Wis. 573. There was no plea of want of consideration, or other matter constituting a defence. *Edgell v. Sickerson,* 20 Mo. 494; *Fox v. Webster,* 46 Mo. 131.; *The State ex rel. v. Williams,* 47 Mo. 463; *Voss v. McGuire,* 18 Mo. App. 477.

R. S. McDONALD, for the respondent : A composition which is not mutual and fair, but under which one creditor gets a secret advantage over another, is void. *O'Shea v. Collier Co.,* 42 Mo. 397; *Bank of Commerce v. Hoeber,* 88 Mo. 37; *Jackman v. Mitchell,* 13 Ves. 581; *Clark v. White,* 12 Pet. 199.

ROMBAUER, J., delivered the opinion of the court.

There is no assignment of errors filed by the appellant in this case. The only complaint he seems to make in his brief is, that the court admitted illegal testimony for the defendant, and that the finding of the court,

sitting as a jury, under the weight of evidence, should have been for him instead of for the defendant.

The petition states, in substance, that the L. W. Hemp Tinware Company, being indebted to the plaintiff, proposed to compromise the plaintiff's claim at sixty cents on the dollar, provided the plaintiff would release it of further liability ; that the defendant received from the corporation assets sufficient to pay the entire claim of the plaintiff, and thereupon, at the request of the corporation and on its behalf, in order to induce the plaintiff to sign said compromise, executed and delivered to the plaintiff the following letter of guaranty, which forms the foundation of this action:

.‟ St. Louis, Mo., April 7, 1883.
‟ George A. Bannantine, Esq.

‟Dear Sir:—If you will accept on your claim fifteen hundred and seventy-three dollars and ninety-five cents ($1,573.95), the sixty per cent. compromise offered to their creditors by the L. W. Hemp Tinware Company, I will guarantee payment of the balance of this claim, provided that the compromise is accomplished and an assignment of the company is thereby prevented. Payment to be made within twelve months.

‟ Yours,
‟JOHN J. CANTWELL.”

The petition then states that the consideration for said guaranty was the execution by the plaintiff of the agreement of compromise ; that such agreement was executed and delivered by the plaintiff, a compromise accomplished, and an assignment prevented, but that the defendant failed and refused to pay the residue of the claim, to-wit, forty per cent. to the plaintiff, wherefore, he sues.

The answer admits the execution of the instrument of guaranty, but denies all other facts stated in the plaintiff's petition.

The plaintiff gave evidence tending to show that

the L. W. Hemp Tinware Company, being in embarrassed circumstances, called a meeting of its creditors, and offered to compromise its indebtedness with them, share and share alike, on the basis of forty cents on the dollar in cash, or sixty cents in notes payable in installments; that the plaintiff refused to sign the composition agreement unless he had security for the residue of forty cents on the dollar; that, to induce him to enter into the composition agreement, the defendant executed and delivered to him the letter of guaranty sued upon; that, thereupon, the plaintiff signed the composition agreement, electing to take sixty cents in notes, but never surrendered the papers evidencing his original claim, and never accepted the composition notes.

It nowhere appears in the plaintiff's evidence that other creditors of the corporation assented to this preference which the plaintiff, according to the statements of his petition, had secured out of the assets of the corporation, and, according to his proof, by the promise of a third party, as agent of the corporation. On the contrary, it affirmatively appears, that the plaintiff kept the fact of this guaranty a secret from the other creditors, and that as far as he knew only one creditor was aware of it.

It is thus evident that the plaintiff failed to show any cause of action by his pleadings and evidence, and that the defendant's instruction to that effect, at the close of the plaintiff's case, should have been given. The petition states that the condition of the guaranty was the accomplishment of a compromise. The proof shows that no valid compromise was accomplished, and that thus the condition of the guaranty failed, because as to all non-assenting creditors the composition was voidable. The case is covered by our ruling in *Luehrmann v. St. Louis Furniture Co.* (21 Mo. App. 499). *Bank of Commerce v. Hoeber,* 11 Mo. App. 478; s. c., affirmed, 88 Mo. 37.

The plaintiff, however, contends that because the

answer fails to set up fraud in the composition, evidence of fraud was inadmissible. This argument loses sight of the fact that it was incumbent upon the plaintiff to show that the condition upon which the defendant's promise to pay was dependent had been fulfilled. That condition was the effecting of a valid composition, which, as the plaintiff's own proof shows, never took place.

It is immaterial what the ruling of the court was on other branches of the case. As the plaintiff could not recover on his own showing, he could not be prejudiced by any ruling of the court on the defendant's case.

The judgment is affirmed. All the judges concur.